GEORGE DRAPER in equity *vs.* EDWIN STONE, Administrator of the estate of CHARLES HARDY, and another.

York. Opinion May 12, 1880.

*Equity. Trust. Remedy.*

D. transferred eighteen shares of stock of the Hardy Machine Company to H. and took back an agreement under seal for the reconveyance of the same on demand in writing. H. transferred eight of those shares, in his lifetime, to a third person at a time when he held ninety-two shares in his own right and at his death he held one hundred and thirty-three shares of stock in the same company, and his estate was rendered insolvent. *Held,* the transfer and agreement created a trust in H. for the eighteen shares to be re-transferred to D. on demand in writing; that the transfer by H. of the eight shares was in violation of his trust, and equity would require him to replace them, and, as he held a sufficient number of other shares at the time of the conveyance and at the time of his death, equity would treat him as holding them for D. that the same result would follow if the agreement was treated as a contract by H. to convey eighteen shares to D. on demand, as they were fully paid for; that D's. remedy at law is inadequate because of the insolvency of H's estate.

BILL IN EQUITY, inserted in a writ of original summons.

The facts fully appear in the opinion. The following is the agreement referred to in the opinion :

"Know all men that I, Charles Hardy, of Biddeford, in the county of York and State of Maine, in consideration of one dollar and other good and sufficient considerations to me paid by George Draper of Milford, Massachusetts, the receipt whereof is hereby acknowledged, have agreed and do hereby agree with the said Draper, his legal representatives and assigns, that I will transfer and deliver to him, the said Draper, his legal representatives or assigns, eighteen shares in the capital stock of the Hardy Machine Company, each of the par value of one hundred dollars, upon the request or demand of the said Draper, his legal representatives or assigns, being made of me in writing therefor, and for the same consideration I further agree to pay to the said Draper, his legal representatives and assigns, from time to time, a sum of money equal to the dividends, which may be declared hereafter, and become payable, on the said eighteen shares of stock, until the transfer and delivery thereof, as hereinbefore

provided, the sum or amount equal to each dividend to be paid as often and directly after each successive dividend on said stock may be declared and become payable."

"This agreement shall extend to and bind my legal representatives."

"In witness whereof I have hereto set my hand and seal this twenty-ninth day of February, A. D. 1876."

CHARLES HARDY, [L. S.]

"Witness, George P. Hardy."

*J. M. Goodwin*, for the plaintiff, cited: *Shaw* v. *Spencer et al.* 100 Mass. 382; Story Eq. Pl. § 41; *Clark* v. *Flint*, 22 Pick. 231; *Todd* v. *Taft*, 7 Allen, 371; Pomeroy Specific Performance, § § 17–19.

*R. P. Tapley*, for the defendant.

The bill asks for a specific performance of the contract to convey the eighteen shares. The contract relates to no specific shares. In *Goodell* v. *Buck*, 67 Maine, 514, it was held necessary that the specific property sought to be reached, should be identified and capable of separation from others of the same kind. That when it became mixed and confounded in the general mass, the bill could not be maintained. It is not one of those cases where you are at liberty to "fire at the flock."

The agreement discloses no trust. It does not purport to be a trust. It is upon the consideration "of one dollar and other good and sufficient consideration to me paid." No kind of reference is made to any conveyance made to him of any property. A trust is where there is such confidence between parties that no action at law will lie; but it is merely a case for the consideration of the court. Lord Hardwicke in *Sturt* v. *Mellish*, (2 Atk. 612,) 2 Story Eq. Juris. § 964.

The complainant has an adequate and plain remedy at law, and the remedy in equity for specific performance is discretionary and not a matter of right. *Snell* v *Mitchell*, 65 Maine, 48. In the case at bar, there is no inadequacy of the remedy at law, other than the poverty of the intestate. The effect of a decree making a levy upon this stock, will be to increase the same kind of inad-

equacy in other cases of equally meritorious contracts of the intestate. It does not seem to us that equity will be promoted by so doing.

LIBBEY, J.   From the bill, answer and proofs these facts appear:   On the twenty-ninth of February, 1876, the plaintiff was the owner of eighteen shares of the capital stock of the Hardy Machine Company, of which Charles Hardy, the defendant's intestate, was then treasurer, and on that day he transferred said shares to said Hardy, taking from him his agreement, under seal, of that date, by which "in consideration of one dollar and other good and sufficient considerations," he agreed to "transfer and deliver to him the said Draper, his legal representatives or assigns eighteen shares in the capital stock of the Hardy Machine Company, each of the par value of one hundred dollars, upon request or demand of the said Draper, his legal representatives or assigns being made of me (him) in writing therefor," and by the same agreement, and for the same consideration he agreed to pay the plaintiff, from time to time, a sum of money equal to any dividends that might be declared on said stock until the transfer thereof, to be paid as often as, and directly after the dividends should be made and become payable.   The stock was taken by said Hardy to be held for the plaintiff till he requested a transfer, as stipulated in said agreement, Hardy paying nothing for, and having no interest in it.

On the third of March, 1876, said Hardy transferred eight of said shares to one Gould, at the same time holding in his own name, ninety-three shares of said stock, besides those transferred to him by the plaintiff; and at the time of his death he held one hundred and thirty-three shares.

The defendant is administrator of the estate of said Hardy, which was duly represented insolvent, and is in fact insolvent. Demand was duly made on the defendant for a transfer of said shares.

Upon these facts we think it clear that the defendant's intestate held the eighteen shares of said stock in trust for the plaintiff; and that this court, acting in equity, has power to require the

defendant, who has no better title than his intestate, to convey and transfer them to him.

It is claimed, however, in behalf of the defendant, that the trust attached to the identical shares transferred by plaintiff to the defendant's intestate, and that, as he held only ten of them at the time of his death, having transferred the other eight to Gould, the plaintiff is entitled to a transfer of the ten shares only.

It was the duty of the trustee, in the proper discharge of his trust, to hold all the shares till the plaintiff demanded a transfer. The transfer to Gould was in violation of the trust, and the plaintiff had a right to require him to replace the stock. Story's Eq. Jurisdiction, § 1263. As he then held a sufficient number of shares in his own name, and continued to hold them at the time of his death, equity will treat him as holding them for the plaintiff.

The same result would follow if we treated the agreement of February twenty-ninth, 1876, as a contract by Hardy to convey to the plaintiff eighteen shares of said stock. They were fully paid for, and nothing further was required of the plaintiff, but to demand a transfer. He was, in the mean time, entitled to all their earnings. Hardy died holding the shares. His estate is insolvent, and the plaintiff's remedy at law is inadequate. He has the right to a decree for a specific performance of the contract. *Clark* v. *Flint*, 22 Pick. 231; *Todd* v. *Taft*, 7 Allen, 371.

> *Decree for the plaintiff for a transfer of the stock as prayed for, and for costs.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and SYMONDS, JJ., concurred.