AMERICAN VULCANIZED FIBRE COMPANY,

*vs.*

HENRY M. TAYLOR and MARY E. TAYLOR, Executors under the last will and testament of Franklin Taylor, deceased, GEORGE K. PARSONS, MARY E. TAYLOR and T. CLARKSON TAYLOR.

*New Castle, Aug. 9, 1913.*

Since the purpose of a preliminary injunction is the maintenance of the *status quo* of the subject-matter of the litigation, it will not be granted where there is not sufficient evidence that the *status quo* will be so changed prior to the final decree that the rights claimed by complainant will be injuriously affected.

A *cestui que trust*, whose claim against his ·deceased trustee is disputed, cannot enjoin the disposition by the legatees of the deceased trustee of property derived from the estate of the trustee.

Where a suit is pending against legatees of a testator, brought by a corporation, seeking cancellation of shares of stock because testator obtained the stock from complainant corporation under such circumstances as to constitute him a trustee of same for the corporation, any one purchasing or taking the shares of stock from the legatees would take with notice of the rights of the complainant; hence there is no necessity for a

temporary injunction restraining the disposition of the stock by the legatees.

Neither is there necessity for an injunction restraining a disposition of shares by a purchaser from the legatees who has not paid the consideration in full, since, if they were impressed with a trust in the hands of the legatees, they will likewise be impressed with a trust in his hands, except as to the amount paid therefor prior to notice.

To constitute one a purchaser for value without notice, the whole consideration must be actually paid before notice, and it is not enough that the consideration was secured to be paid.

BILL IN EQUITY.    The bill of complaint filed in this cause sought as ultimate relief an accounting, cancellation of stock in the complainant company and a preliminary injunction to restrain the defendants transferring, incumbering or otherwise disposing of certain shares of stock held by them during the pendency of the cause.    Upon the filing of the bill a rule was issued requiring the defendants to show cause why such preliminary injunction should not be granted, and upon the return of the rule the matter was heard on bill, amendments to the bill, affidavits and exhibits.

*Saulsbury and Morris*, with them *Arthur J. Selfridge*, of the Boston, Massachusetts Bar, for the complainant.

*Herbert H. Ward* and *William S. Hilles*, for the defendants.

THE CHANCELLOR.    The complainant seeks to obtain, pending the final determination of the cause, an order to restrain the defendant (1) from voting on, (2) from receiving dividends on, and (3) from transferring, incumbering, or otherwise disposing of, any shares of stock of the company received or derived mediately, or immediately, from Franklin Taylor, or his estate.    They also seek to restrain the disposition of any other property acquired by the defendants from Franklin Taylor, or his estate.

In disposing of the motion for the preliminary injunction it is assumed, though not decided (for there is a conflict of testimony on the subject), that there is reasonably sufficient proof

of the irregularities on the part of Franklin Taylor in his dealings with the company in the purchase of the patents and other property mentioned in the bill. But the complainant is not for that reason alone entitled to the preliminary injunction sought. The court may hold Franklin Taylor to have been a trustee towards the company and hold his estate, and all who claim under him, liable to all the consequences of such trusteeship, and still deny the motion for a preliminary injunction.

The fundamental idea of a preliminary injunction is the maintenance of the *status quo* of the subject-matter of the litigation, and it is based on some evidence of reasonable apprehension that the *status quo* will be so changed prior to the final decree as that the rights claimed by the complainant will be injuriously affected. There does not at this time seem to be such reasonable ground of injury to the rights claimed by the complainant in case the defendants continue to have the right to vote on and receive dividends on the shares of stock of the company held by them. Without discussing the reasons urged therefor, it is sufficient to say, that they are not convincing and not based on sufficient facts. It is not a question of power, but of discretion. The power to restrain the voting of stock may have been rightly exercised in the case of *Coxe v. Huntsville, etc., Co.*, 129 *Ala.* 496, 29 *South.* 867, cited by the solicitors for the complainant, and still it would be unwarranted here, because the facts of the two cases differ so widely.

So also there is no ground for the issuance of a preliminary injunction to restrain the defendants from selling, incumbering, or disposing of any other of the property received by them mediately of immediately, from Franklin Taylor, or his estate.

The motion to restrain the disposition of the shares of stock of the company held by the defendants is more troublesome than any other. Assuming that Franklin Taylor obtained a large number of shares of stock of the company under circumstances which constituted him a trustee respecting them, and that he in his lifetime, and his executors or legatees since his death have not properly or sufficiently accounted to the company therefor; or assuming that if living the company would have ultimately a right to have either a return of, or accounting

respecting, such shares, or even to a cancellation of the shares which he had at his death; the question still remains whether the present owners of the stock should be restrained from disposing of them pending the final disposition of the cause?

The defendants take the ground that all the shares of stock of the company which Franklin Taylor had at the time of his death were acquired prior to his receiving the shares which, as is claimed by the complainant, he received irregularly, and that he did not possess at his death any of the shares so irregularly obtained by him, so that the shares which he then had and which passed to the defendants, through his executors, are "not affected in any way by any of the alleged misdoings of the said Franklin Taylor." In reply, the complainant asserts that shares of stock are like money, one share being as good as another, and certificates of stock are only evidence of ownership of shares, and that the beneficiary of a trust may, in case of an abuse of the trust by the trustee, reach any shares of stock in the company standing in the name of the trustee, without identifying, or tracing, the particular shares. In support of this the following authorities were cited: *Perry on Trusts*, §128; *Loring's Trustee's Handbook*, *p.* 181; *Marshall v. Marshall*, 11 *Colo. App.* 505, 53 *Pac.* 617; *Draper v. Stone*, 71 *Me.* 175; *Empire State Surety Co. v. Carroll County*, 194 *Fed.* 593, 605. The principle contended for is said to be an illustration of Lord Ellendorough's weighty words expressed in *Taylor v. Plumer*, 3 *M. & S.* 562, 574, viz:

"An abuse of trust can confer no rights on the party abusing it, nor on those who claim in privity with him."

It is admitted, of course, that Mrs. Taylor, as residuary legatee of Franklin Taylor, is not a purchaser for value, and stands in no different position than he did respecting the shares of stock which he had at his death, and if the company would have been entitled to have them cancelled, if he were living, it would have the same right against his legatee. This also probably applies to the shares which Mrs. Taylor gave without consideration to her son, T. Clarkson Taylor, another of the defendants. It may, or may not, apply to the shares of stock

held by George K. Parsons, the other defendant, and this will be considered later.

Without adopting at this time the view that the shares of stock of the company held by Franklin Taylor were subjected to the trust, though much impressed by the weight of the authorities cited to support that contention, there still remains the question whether there are in this case such facts as show a reasonable apprehension of danger of loss or injury to the rights claimed by the complainant if the defendants be not enjoined from transferring their shares. The affidavits of Mrs. Taylor and her son disclaim an intention to dispose of their shares, and seem to be as full and fair in this respect as though stated in an answer. In addition, it seems clear that if this principle be correct and applicable here, the effect of it would be, in view of the pendency of this bill and of the facts adduced in it, that the shares would still be impressed with the trust claimed, and any one taking them from the present holders would take with notice of any existing rights of the company respecting them. Therefore, there is no need for the protection of the injunctive power of this court, which should, of course, be exercised with caution.

As to the shares of stock held by Parsons, it is urged by the complainants that he is not a purchaser for value, because the consideration for the shares which he purchased from Mrs. Taylor had not been fully paid for before notice of the trust which it is sought to impose on the shares. To constitute one a purchaser for value without notice, the whole consideration must be paid before notice, and it is not enough that the consideration was secured to be paid. *Perry on Trusts*, §§219, 221, and cases cited by the complainants. Applying the principle here, the complainant claims that as the record discloses that Parsons has not completed payment for the shares assigned to him by Mrs. Taylor, and as he has failed so far to disclose what amount has been paid by him to her therefor, the court should at this time consider that the stock is still held by Mrs. Taylor, and in any event Parson's rights are limited to a refunding of the amount paid by him for the stock prior to notice. This contention is serious. But without now adopting it, it seems

clear that the same reasons for declining to enjoin the disposition by Mrs. Taylor and her son of their shares of stock apply to the similar relief sought respecting the shares held by Parsons. If the shares of Franklin Taylor were impressed with the trust, and remained so impressed in the hands of Mrs. Taylor, then if Parsons has not fully paid for the shares which he got from Mrs. Taylor, they may be still so impressed, except as to the amount he paid therefor prior to notice. There is, as to these shares, also an absence of a threatened danger of a change of their status which would be likely to injure the complainant, or defeat the rights which it asserts in the bill and the amendments thereto.

On the whole, then, after considering with care the many affidavits (but without reviewing them) and the contentions, it seems clear that the complainant does not need the protection of the preliminary injunction sought for any of the reasons urged, and, therefore, is not now entitled to it.

The rule will be discharged, the costs thereof to abide the final determination of the cause.