Surrogate's Court; and the rule is well established that when complete relief can be obtained in a Surrogate's Court a court of equity will decline to entertain an action against executors. Shorter v. Mackey, 13 App. Div. 20, 24, 43 N. Y. Supp. 112, and authorities there cited. This is, in effect, what the learned court at Special Term did; it refused to entertain jurisdiction of a matter which belonged to the jurisdiction of the Surrogate's Court; and the fact that this was coupled with a direction that, "upon the completion of a sale of the premises mentioned in the complaint within thirty days from the date of entry of this order, all orders heretofore entered in said cause be, and the same are hereby, vacated, and that the complaint be dismissed," does not affect the question. The court had a right to dismiss the complaint, and if the order, in the effort to make an intelligent disposition of what appears to be a needless controversy, went farther than this, and indicated what was to be expected of reasonable men, it was so far in favor of the appellants that they have no cause to complain. They contend that the property should be sold; the court has indicated to the executors that they may properly proceed to sell the same; and the accounting is properly left to the Surrogate's Court, where all the matters may be adjusted. Why should the plaintiff appeal from this order? It, in effect, gives the relief prayed for, if the demand for a sale of the real estate is made in good faith; and it assumes to dispose of the whole group of vexatious orders which have incumbered the record, and tended to obscure the real issue in the case. The court might properly have dismissed the complaint, and ended the matter there, but it has seen fit to go further; and to direct the executors, in effect, to carry out the expressed wishes of the plaintiff and those who are similarly situated; and yet they appeal, for reasons which, however satisfactory to themselves, do not impress this court as having substantial merit.

The judgment appealed from should be affirmed, with costs. All concur; BARTLETT, J., in result.

---

WEST SIDE ELECTRIC CO. v. CONSOLIDATED TELEGRAPH & ELECTRICAL SUBWAY CO.

(Supreme Court, Appellate Division, First Department. November 20, 1903.)

1. ELECTRIC COMPANIES—SUBWAY OCCUPANCY—RIGHT TO CONTINUE—TEMPORARY INJUNCTION.

Where it appears that plaintiff, an electric company, occupies and has occupied ducts in the subway of defendant, another electric company, for several years, for which it has paid rental, plaintiff is entitled to a temporary injunction restraining defendant from interfering with the occupancy until the trial.

2. SAME—REFUSAL TO ASSIGN ADDITIONAL SPACE—MANDATORY INJUNCTION.

Where it appears that plaintiff, an electric company, occupies and has occupied ducts in the subway of defendant, another electric company, for several years, and that defendant refuses to assign the plaintiff additional space in the subway, plaintiff is not entitled to a mandatory injunction pendente lite compelling defendant to assign additional space.

3. SAME—INTERFERENCE WITH CONNECTING UP CUSTOMERS—TEMPORARY IN-
JUNCTION.

Where it appears that plaintiff, an electric company, occupies and
has occupied ducts in the subway of defendant, another electric company,
for several years, for which it has paid rental, plaintiff is entitled to a
temporary injunction preventing defendant from interfering with plain-
tiff in connecting additional customers with the system as already lo-
cated in the subway, though defendant is making an effort to terminate
plaintiff's occupancy thereof.

Appeal from Special Term.

Action by the West Side Electric Company against the Consoli-
dated Telegraph & Electrical Subway Company. From an order
granting plaintiff part of the relief prayed for, both appeal. Affirmed.

The following is the opinion of the court below (Scott, J.):

This motion presents two interesting questions, neither of which can be
said to be entirely free from doubt. At least they have been the occasion
of very learned and voluminous briefs. The first is whether the plaintiff
is entitled to admission to the electrical subway, and the other is whether,
if it has such right, its remedy is by mandamus or by action in equity.
The plaintiff really seeks double relief. First it asks that its present occu-
pancy of the subway shall not be interfered with, and, secondly, it asks
for a mandatory injunction which will give it additional space. This seems
to me to be an eminently proper case to leave matters in status quo until
the cause can be tried, or, if the moving papers contain all the facts, until
the rights of the parties can be passed upon by an appellate court. It ap-
pears that the plaintiff now occupies and has occupied ducts in defendant's
subway since 1896, for which it has paid and the defendant has accepted
rental. It can do no one any harm if such occupancy be continued until the
trial. So far, however, as concerns the application to compel the assign-
ment of additional ducts to plaintiff, a different principle applies, which is
that the court will seldom grant a mandatory injunction pendente lite unless
the plaintiff's right is so clear that the denial of the right must be either
captious or unconscionable. Such is not the case here. The temporary in-
junction, as modified by the order of June 16, 1903, will therefore be con-
tinued, subject only to the further modification that the defendant shall
be enjoined from preventing the plaintiff from connecting up additional
customers with the present system as already located in the subway.

To the extent indicated, the motion will be granted, without costs.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

F. K. Curtis, for plaintiff.
H. J. Hemmens, for defendant.

PER CURIAM. For the reasons stated in the opinion of the
judge at Special Term, order affirmed, without costs.

---

TANAS v. MUNICIPAL GAS CO. OF CITY OF ALBANY.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. WRONGFUL DEATH—RIGHT OF ACTION—NONRESIDENT ALIEN.

Under Code Civ. Proc. § 1902, providing that the administrator of a
decedent leaving him surviving a wife or next of kin may maintain
an action for decedent's wrongful death, an action may be maintained
for the wrongful death of a resident alien who left surviving a non-
resident alien next of kin.