LEWIS S. WILLIAMSON AND FRANCIS H. WILLIAMSON,

*vs.*

FRANCIS MCMONAGLE.

*New Castle, April* 24, 1912.

The owner of a servient tenement cannot materially narrow an easement of passage by erecting therein a gate.

Where land is subject to an easement of passage to a certain height, the owner of the servient tenement cannot, by the erection of a wind-

break, so decrease the height of the passage as that it is not sufficient and reasonable for the passageway.

While a preliminary injunction is not ordinarily mandatory, and should be so framed as only to preserve the *status quo* pending the final decision, it will be awarded to require the removal of an obstruction which effectuates the very injury to be ultimately remedied.

The right of a complainant seeking a preliminary injunction should be so clear that the denial of the right must be captious and unconscionable.

BILL TO ENJOIN AN OBSTRUCTION TO THE USE OF AN ALLEY. The bill is to enjoin the continuance of an obstruction of an alley, to the use of which the complainants are entitled over land of the defendant, in common with the defendant. A predecessor in title of the complainant conveyed the bed of the alley to the predecessor in title of the defendant, with the privilege of building above the alley, subject to the "full, free and undisturbed use and privilege for the said Joseph Smithel [under whom the complainants are entitled], his heirs and assigns, to have and enjoy in the said passage or alley in common with the said William Smith [under whom the defendant is entitled], his heirs and assigns forever." The alley has been in continuous use for over one hundred years, and from the affidavits submitted on the hearing of the motion for a preliminary injunction it appeared to be undisputed that for at least thirty years the alley, four feet wide and twelve feet high (part of it having been built over as allowed by the deed) was so maintained unobstructed and used by the adjoining owners in common. There is no evidence that it had ever been other than as it was at the time the obstruction was erected by the defendant. Shortly before the bill was filed the defendant erected near one end a board obstruction which filled the whole end of the alley from the bottom to the top and from side to side, put a door in it about two and one-half feet wide and six feet high, and locked the door, denying to the tenant of the complainants' property use of the alley for several days. Upon threats of law suit the defendant unlocked the door and the tenant has had ingress and egress by the alley through the door, but the obstruction remains. Until the

obstruction complained of was built there never had been a
gate in the alley.

The cause was heard, at the return of a rule to show cause
why a preliminary injunction should not be granted, on bill,
*ex parte* affidavits and exhibits.

*Ward*, *Gray and Neary*, for the complainants.

It appears that within the memory of man the alley has
never been obstructed in any way, but the use of it, on the con-
trary, has always been full, free and undisturbed.   The evi-
dence shows that there has been a construction put upon the
extent to which the alley could be used, and that has never
been less than its full width of four feet and its height to where
it is covered.   The very circumstances surrounding the alley
would indicate that it was to be used for no other purpose
whatsoever, except as an alley to its full described width of
four feet.   The deed creating the alley provides for the only
encumbrance which was in contemplation of the original par-
ties; to wit, the building over of the house, now owned by the
defendant, across the alley at the height of the second floor
into the wall of the complainants' house.   The expression of
one sort of encumbrance would seem to exclude the permission
of any other sort of encumbrance.

It is submitted that the terms of the reservation are wholly
inconsistent with any structures at any point or place in the
alley, whether with or without gates.   The privilege reserved
of any alley is "the full, free and undisturbed use and privi-
lege".   The words "free and undisturbed", taken in connec-
tion with the nature of the alley, would seem to confer the right
to the use of the alley to its full width and height, and that
the word "full" cannot be satisfied by any other condition.
It is submitted, therefore, that it is in this case, by the terms
of the grant, a prohibition against the erection of any structure
at any point in the alley, whether with or without gates.   The
obstruction, as averred by the bill and affidavits, and undis-
puted by the defendant, was at first absolute, inasmuch as the
structure filled a section of the covered part of the alley from
floor to ceiling, and the door in the structure was kept locked

and the key retained by the defendant, and the passage of anybody connected with the complainants' property was forcibly prevented. After a threat of suit, the defendant unlocked the door so that persons could pass in and out through the obstruction. But the condition yet remaining, it is submitted, is wholly inconsistent with the rights in the alley, secured by the deed in question, of the complainants. The alley, in its covered part, is substantially four feet in width and twelve or thirteen feet in height. About half of the width and over half of the height of the alley are absolutely and wholly obstructed, and the proper uses thereof to that extent diminished. It is respectfully submitted that the opening of the door by the defendant has not amounted to a restoration of the alley and its uses, and that the complainants are entitled to have this private nuisance abated. *Mineral Springs Mfg. Co. v. McCarthy*, 67 *Conn.* 279; *Patton, et al., v. Western Carolina, etc., Co.*, 101 *N. C.* 408, 8 *S. E.* 140; *Brownell v. Dyer*, 5 *Mason (C. C. U. S. Rep.)* 227; *Devore v. Ellis*, 62 *Ia.* 505; *Williams v. Clark*, 140 *Mass.* 238.

The right to create an alley by appropriate words, which shall be binding on the holders of the servient estate and which may be claimed by the successors in title to the owners of the right of way, scarcely needs authority. The principle, however, is stated in 14 *Cyc.* 1163.

A mandatory injunction is the proper remedy. *Tucker v. Howard*, 122 *Mass.* 529; *Tucker v. Howard*, 128 *Mass.* 361; *Stallard v. Cushing*, 76 *Cal.* 472; *Henry v. Koch*, 80 *Ky.* 391, 398; *Rogerson v. Shepherd*, 33 *W. Va.* 307, 10 *S. E.* 632; *Collins v. Buffalo Furnace Co.*, 73 *N. Y. App. Div.* 22; *St. Louis Deposit, etc., Bank v. Kennett's Estate*, 101 *Mo. App.* 370, 74 *S. W.* 474; *Fitzpatrick v. Beggs, Chy. Record L*, Vol. 2, *p.* 481, *Chy. Record M*, Vol. 2, *p.* 85, *etc.*; *Rogers Locomotive, etc., Works v. Erie Ry. Co.*, 20 *N. J. Eq.* 379.

*Caleb E. Burchenal*, for the defendant.

The Court will not grant a preliminary injunction, when no damage is being done, awaiting the final determination of the cause. *Citizens, etc., Co. v. Camden, etc., Co.*, 29 *N. J. Eq.*

299; *Osborn v. Taylor*, 5 *Paige* (*N. Y.*) 515; *Bruce v. Delaware, etc., Co.*, 19 *Barb.* 371.

The injunction asked in this case is a mandatory preliminary injunction, and it is generally improper to issue such an an injunction before final hearing.    22 *Cyc.* 743; *Delaware, etc., Co. v. Central, etc., Co.*, 43 *N. J. Eq.* 71; *West Side, etc., Co. v. Consolidated, etc., Co.*, 87 *App. Div.* (*N. Y.*) 550; *Tebo v. Hazel*, 74 *Atl.* (*Del. Ch.*) 841.

It is a principle of law that nothing passes as incident to the grant of an easement but what is requisite to the fair enjoyment of the privilege.    3 *Kent Com.* 419, 420; *Bean v. Coleman*, 44 *N. H.* 539; *Maxwell v. McAtee*, 9 *B. Mon.* (48 *Ky.*) 20; *Baker v. Frick*, 45 *Md.* 337.    The easement in this case was granted as a foot passageway and has always been used as such; and it is submitted that any use of this land by the defendant, the owner, which does not unreasonably interfere with its use as a foot passageway by said complainants does not interfere with their rights.    Gates may be maintained on a right of way if not an unreasonable interference with right of passage over the same.    *Short v. Devine*, 146 *Mass.* 119; *Baker v. Frick*, 45 *Md.* 337; *Green v. Goff*, 153 *Ill.* 534; *Phillips v. Dressler*, 122 *Ind.* 414, 24 *N. E.* 226; *Houpes v. Alderson*, 22 *Ia.* 160; *Whaley v. Jarrett*, 69 *Wis.* 613, 34 *N. W.* 727; *Connery v. Brooke*, 73 *Pa. St.* 80; *Maxwell v. McAtee*, 48 *Ky.* 20.

The complainants clearly cannot ask to have the whole of the wood structure removed, and if any, then only so much as interferes with the use of the alley as a means of ingress and egress, as a passageway refers only to the surface of the passageway and not to its height; and if it is high enough not to interfere with the passage, then the defendant has a right to erect a wind-break above the passage way.    *Gerrish v. Shattuck*, 132 *Mass.* 235.

The Chancellor: It is clear, that the defendant has the legal title to the bed of the alley, subject to the full use of the whole of the four feet in width as an alley or passageway.    It is equally clear that the structure erected in the passageway narrows the width perceptibly and substantially, and requires the users of the passageway to go through a narrow gate or

door. This is so clearly a violation of the established and undisputed rights of the complainants that beyond question the complainant will ultimately obtain the relief sought, viz., a removal of the obstruction. Without passing on the question whether or not the defendant has a right to maintain a gate, it is certainly clear that he has no right to maintain the gate which he has erected, because it materially narrows the width of the passageway. Speaking generally, the servient estate is not burdened with more than is necessary for the reasonable and proper use of the right of way acquired by the owner of the dominant estate. 3 *Kent Com.* 418, 420.

"What is necessary for such reasonable and proper enjoyment of the way granted, and the limitations thereby imposed on the use of the land by the proprietor, depends upon the terms of the grant, the purposes for which it was made, the nature and situation of the property subject to the easement and the manner in which it has been used and occupied." *Baker v. Frick*, 45 *Md.* 337, 341, 24 *Am. Rep.* 506.

This cited case related to gates erected across a right of way, and it was considered a question for the jury to decide, the language of the grant not being such as to clearly exclude the use of a gate. See, also, *Maxwell v. McAtee*, 9 *B. Mon.* (*Ky.*) 21, 48 *Am. Dec.* 409, and other cases cited.

The defendant urges, however, that he had a right to obstruct the passageway by erecting overhead a wind-break to prevent the rushing of wind through the alley, and that if the complainants had four feet clear in width and six feet in height, it was all that they were entitled to have, inasmuch as the right was to a use of the passageway as a foot passage. But it is uncontroverted that since the time when the alley was covered in part by the erection of the building on the defendant's land, many years have passed with no change in the height of the way. This is evidence to show the extent and character of the right of the owner of the dominant tenant; and also to show that to decrease the height of the passageway by erecting across the alley an overhead wind-break would be an invasion of the rights of the complainant to a passageway four feet wide and twelve feet high. In the absence of some evidence, or other circumstance, than have been produced, or pointed out, the

Chancellor is unable to say that six feet is sufficient and reasonable height for the passageway. Therefore it must be held that the overhead part of the structure was erected in violation of the rights of the complainants.

The complainants ask that the injunction to be granted *pendente lite*, even on the hearing on *ex parte* affidavits, should be mandatory, and should require the defendant to remove the whole obstruction. Preliminary injunctions should not generally be mandatory, and should be so framed as to do no more than preserve the *status quo* pending the decision of the cause at the final hearing on proofs taken. This subject matter was so fully considered recently by Chancellor Nicholson in *Tebo, et al., v. Hazel, et al.,* 74 *Atl.* 841, that it is not necessary to do so here. The Chancellor in his opinion quoted the language of Chancellor Zabriskie in the case of *Rogers, etc., Works v. Erie R. R. Co.,* 20 *N. J. Eq.* 379, to the effect that a recognized exception to the general rule exists where an easement is obstructed; for there the maintenance of the structure prevents the enjoyment of the right, and its removal is ordered as part of the means of restraining the defendant from interfering with the enjoyment of the right. An obstruction which effects the very injury, which will ultimately be remedied, should be removed by a preliminary injunction. *Black v. Good Intent, etc.,* 31 *La. Ann.* 497. Indeed, the principle is recognized in other cases cited by Chancellor Nicholson in the case above referred to, and seems sound.

There is the further recognized limitation on the use of a preliminary injunction, that the right of the complainant should be "so clear that the denial of the right must be either captious or unconscionable." *West Side, etc., Co. v. Consolidated Subway, etc.,* 87 *App. Div.* 550, 551, 84 *N. Y. Supp.* 1052, 1053. Indeed, the complainants' counsel calls attention to a cause in this Court in this County (*Fitzpatrick v. Beggs, Chy. Record L, Vol.* 2, *p.* 481, and *Chy. Record M, Vol.* 2, *p.* 85, etc.), wherein such a writ was awarded to remove an obstruction to an alley *pendente lite*.

In the case now before this Court it seems clear that the complainants are now entitled to an order in effect requiring

the removal of the whole of the structure erected in the covered part of the alley, even though it be a mandatory preliminary injunction, because they have shown a clear right, undisputed by any contrary evidence, to an alley at least four feet wide and, where now covered by the building, twelve feet high, and this clear right the structure violates.   The defendant effects an interference with the rights of the complainants by continuing the structure erected by him, and should, even *in limine* and *pendente lite*, be required to remove it.   When this has been done the parties can have their respective rights determined without either being oppressed or injured.   A bond with surety will be required of the complainants, and if the defendant eventually establishes his right to obstruct the alley by his wind-break he will have a way to obtain reimbursement for his losses in removing the obstruction.

Let an order be entered accordingly.`

In accordance with the foregoing opinion, the following order was entered:

"AND Now, TO WIT, this twenty-ninth day of April, A. D. 1912, the rule to show cause why a preliminary injunction should not be ordered as prayed for in the Bill of Complaint in this cause having been argued by counsel and considered by the Chancellor,

IT IS ORDERED AND DECREED that a preliminary injunction do issue, restraining the defendant from interrupting or interfering with the right of way and easement of Lewis S. Williamson and Francis H. Williamson, the complainants, as prayed for in said Bill of Complaint, and in accordance with the opinion of the Court filed in said cause, until the further order of the Chancellor, upon the said complainants entering into bond, with surety, in the sum  of two  hundred  dollars  ($200), as required by the rules and practice of this Court;   *   *   * ."

NOTE.   In preparing this order, the form of that used in the case of *Fitzpatrick v. Beggs* was followed;  and after a hearing upon bill and answer under Rule 29*a*, a perpetual injunction was awarded.