HANCE W. NEBEKER and ELIZABETH FRIST,

*vs.*

HOLGEX V. BERG, REUBEN RUTH, BENJAMIN FLUHARTY, HUGH
M. GARRETT and PERCY GRAY, Commissioners of Newport, a
municipal corporation of the State of Delaware, and JAMES
HARRY MITCHELL and JESSE K. JONES, trading as Mitchell
and Jones.

### *New Castle, July* 19, 1921.

Equity will not relieve against trespass to realty, unless it be of such an
aggravated nature as to create a case where the injury is irreparable and the
remedy at law inadequate for its compensation.

An application for a preliminary injunction is addressed to the sound dis-
cretion of the court, and such a writ ought to do no more than preserve the
status quo pending the decision of the cause at the final hearing.

In a suit to enjoin the commissioners of a municipality from trespassing
on complainant's land in constructing a sidewalk, where it appeared that some
damage to shrubbery, grass, and crops had already been done, and that the
only possible future damage would be the occasional walking over a narrow
strip in finishing the nearly completed work, *held*, that such injury was not of
so serious a nature as to justify a preliminary writ.

In a suit to enjoin the commissioners of a municipality from committing
trespass in laying a sidewalk, a mandatory injunction on preliminary hearing,
requiring defendants to remove the nearly completed work, would have been
improper; defendants claiming a legal right to lay the sidewalk, and it being
an abuse of discretion to determine such right on a preliminary hearing.

INJUNCTION BILL.    The defendants, constituting the Com-
missioners of Newport, a municipal corporation, and James
Harry Mitchell and Jesse K. Jones, trading as Mitchell and Jones,
were ruled to show cause why a preliminary injunction should not
issue restraining them from "further trespassing upon lands of
the complainants and from tearing down fences, destroying shrub-
bery, grass and crops erected and growing upon the land belong-
ing to the complainants." The cause was heard on bill and af-
fidavits, the facts appearing in the opinion of the Chancellor.

*J. Rankin Davis*, for the complainants.

*Aaron Finger* and *S. D. Townsend, Jr.*, for the defendants.

THE CHANCELLOR. The bill was filed by the complainants against the Commissioners of Newport, a corporation of this state, and against Mitchell & Jones, who are alleged to be the agents of said corporation.

The complainants allege that they are the owners of a certain lot of land in said town bordering on a road called the Wilmington and Christiana turnpike road; that the respondent, by its said agents, without the license and consent of the complainants, is and has been trespassing upon their lot of land and is and has been tearing down fences, destroying shrubbery, grass and crops thereon, and "that the said injury already committed is, and the injury threatened will be, ruinous to the property of the complainants in the manner in which it has been enjoyed, and will permanently impair its further enjoyment"; that these acts were and are being done in the course of widening or straightening the said turnpike road in front of complainants' premises.

The prayer is for both a permanent and a temporary injunction restraining the respondents "from trespassing upon the lands of the said complainants and from tearing down fences, removing shrubbery, grass and crops, upon the lands belonging to the said complainants."

Upon the filing of the bill a restraining order was issued, and also a rule to show cause why a preliminary injunction should not issue. The hearing on the rule was had on affidavits filed by the respective parties.

Affidavits filed by the complainants are to the effect that the premises in question have been in the possession of themselves, or their ancestors, for from forty to fifty years; that Commissioners of Newport, through its agents, trespassed upon said lands and "engaged in tearing down fences, destroying shrubbery, grass and crops, * * * and that the said injury already committed is, and injury threatened will be, ruinous to our property in the manner in which it has been enjoyed and will permanently impair its further enjoyment." What the injury is that is threatened, neither the bill nor affidavits specify.

The defendants, by their affidavits, do not deny that they have removed the fence, or destroyed the shrubbery, etc., to the extent necessary for the laying of a sidewalk along the front of

complainants' lot, encroaching thereon a maximum width of two feet and tapering to a point. It appears that this pavement extends along the whole frontage of complainants' premises, a length of about two hundred and forty feet; that the work of laying the same is complete for a length of about one hundred and ten feet thereof; that as to about one hundred and six feet thereof the pavement has been dug out and filled with a base, leaving nothing more to be done than to put on a one-inch top dressing; and that as to the remainder of approximately twenty-four feet, the same has been dug out ready to have the base put in. It would, therefore, seem that whatever damage the laying of the pavement could do to the fence, shrubbery, grass and crops of the complaints, has already been done. As to future trespasses, the defendants, through the affidavit of one of their number, to-wit, Berg, say "that neither the defendants nor their agents or servants have been trespassing beyond the line of said pavement in the work thus far done, nor will they, or any of them, trespass beyond the said line if permitted to complete said work." It thus appears that no trespasses of a kind involving further tearing down of fences, destruction of shrubbery, grass or crops is contemplated by defendants, nor shown by complainants.

The defendants set up a right in Commissioners of Newport to lay the pavement in question, deriving such right from the charter of the town and from certain condemnation proceedings formerly instituted against the old Wilmington and Christiana Turnpike Company.

I take it to be well settled that equity will not relieve against mere trespasses to real property; that the trespass must be of such an aggravated nature as to create a case where the injury is irreparable and the remedy at law inadequate for its compensation before equity will interfere.

The difficulty with the complainants' case at this stage is that the most serious trespass—by that I mean the trespass that most nearly approaches the character of being irreparable, such as digging the trench, removing the fence, destroying the shrubbery and grass—has already been done and nothing is threatened in the future that in any wise makes worse the present situation. Whatever the defendants might do in the future partakes more

of the nature of a bare trespass unattended by circumstances of irreparable injury to the premises. Unless the temporary injunction should be made mandatory in terms, requiring the defendants to undo all that they have done, it seems clear that a writ, if issued now, with the facts as they are, would be aimed against mere trespasses of an unaggravated sort. I refrain, of course, from expressing any opinion as to whether or not the defendants have a right to proceed to a completion of the pavement. That question remains for the final hearing. The point now is that under the facts as they are presented nothing more can be done in the course of completing the work that will aggravate the situation of the complainants.

An application for a preliminary injunction is addressed to the sound discretion of the court. *High on Injunctions*, (*4th Ed.*) *par.* 11. Such injunction generally is employed to prevent mischief to come, and ought "to do no more than preserve the status quo pending the decision of the cause at the final hearing on proofs taken." *Williamson v. McMonagle*, 9 *Del. Ch.* 380, 386, 83 *Atl.* 139; *Attorney General v. Newark*, 9 *Del. Ch.* 177, 79 *Atl.* 735, 739.

The status quo at the time of the filing of the bill in this case included the existence of the torn-down fence, the destroyed shrubbery, grass and crops. These injuries do not lie in the possibilities of the future. The most that lies ahead of the complainants in the way of possible damage is the trespass that may be occasioned by walking over the strip in question and finishing the nearly completed work. I do not see in this any injury of such serious nature as would justify the issuance of the preliminary writ.

The complainants have not urged that a preliminary injunction with a mandatory clause issue directed to the defendants with the view of undoing the things already done, which as I have indicated, bear the nearest semblance to being irreparable and such as, in cases of trespass, may invoke the aid of equity in correcting. If such a mandatory clause were urged, it ought to be refused, not only because of the extreme reluctance of equity courts to grant such relief in the preliminary stages of the litigation, but as well because the facts in this cause do not appear to make out a case sufficiently strong to warrant such pro-

cedure. The defendants claim the lawful right to lay the sidewalk in question, and it would be an abuse of discretion for the Chancellor to approach so near to a determination of that right in this preliminary hearing as to compel the defendants to undo all that they have done in the exercise of their asserted right. What would be the proper attitude towards this question of issuing a mandatory writ on the final hearing, remains to be determined.

The refusal of the preliminary injunction, of course, determines nothing. For, as was said by Chancellor Nicholson in *Tebo v. Hazel, et al.,* 74 *Atl.* 846:

"It [the preliminary injunction] decides no fact, * * * and it is not * * * necessary to final determination of the case. It is mere process of the court, issued to hold in statu quo the subject matter upon which the decree is to operate, until the court should be enabled to ascertain and adjudicate the rights of the parties."

If this bill had been filed before the doing of the things charged by the complainants, the matter of ordering the preliminary writ might present itself in a different aspect. But, in view of the extent to which the work has progressed, the absence of further threatened injury of an irreparable nature, and the disfavor with which mandatory provisions in preliminary orders are viewed, the preliminary injunction is denied, and as a matter of course the restraining order heretofore issued is vacated.

Let an order be prepared to this effect.