CONSOLIDATED FILM INDUSTRIES, INC., a corporation of the State of Delaware,

Defendant Below, Appellant,

*vs.*

NORMAN JOHNSON,

Complainant Below, Appellee.

*Supreme Court, On Appeal, June 15, 1937.*

LAYTON, C. J., HARRINGTON, RICHARDS, RODNEY, and SPEAKMAN, *JJ.*, sitting.

*Hugh M. Morris* and *Alexander L. Nichols*, (Meyer H. Lavenstein, of New York City, of counsel), for respondent below, appellant.

*Howard Duane*, for complainant below, appellee.

Supreme Court, No. 1. January Term, 1937.

HARRINGTON, Judge, delivering the opinion of the Court:

This case came before the Court of Chancery on bill and answer and affidavits filed, and, pursuant to the prayers of the bill, that court ordered that a preliminary injunction issue. The defendant below appealed from that order, and the immediate question for us to determine is whether the order was of such a nature that an appeal from it could be taken to this court, or whether, pursuant to the motion

of the complainant below, the appeal should be dismissed. By agreement of counsel, the affidavits were not included in the record.

*Section* 12 *of Article* 4 *of the Constitution of* 1897 provides that the Supreme Court shall have jurisdiction "to receive appeals from the Court of Chancery, and to determine finally all matters of appeals in the interlocutory or final decrees and to proceedings in Chancery."

In *Tatem v. Gilpin,* 1 *Del. Ch.* 13, the Chancellor said: "An interlocutory order is an order made upon a point whereby some right or principle is established in the cause, on which a final decree depends; or, it determines ·or directs some matter or thing which is necessary to the making of the final order or decree." In the same case the Chancellor, also, added "Such is an order to account on a bill filed by one partner against another; as in a case from Sussex County, where an appeal was properly taken from such interlocutory order. For the order to account settled the principle; the rest was mere matter of fact and calculation." See, also, *Electrical Research Products, Inc., v. Vitaphone Corporation,* 20 *Del. Ch.* 417, 171 *A.* 738, 747.

In *Electrical Research Products, Inc., v. Vitaphone Corporation, supra,* the court, in commenting on *Tatem v. Gilpin,* 1 *Del. Ch.* 13, *supra,* said:

"In that case, the old High Court of Errors and Appeals held that an appeal would lie from an order directing the issuance of an injunction which determined substantive rights and was, therefore, more than suspensive in its nature. * * *

"The Court, also, said, however, that an order for an *'injunction pendente lite'* could not be appealed from, if it be such an order as a Court of Equity, according to its established rules, could issue."

The right of appeal, therefore, does not apply to discretionary or preliminary orders *pendente lite,* merely intended to preserve the *status quo,* and by which no real or substantive rights are determined. *Electrical Research Products, Inc., v. Vitaphone Corporation,* 20 *Del. Ch.* 417,

171 *A.* 738, *supra; Tatem v. Gilpin*, 1 *Del. Ch.* 13; see, also, *Ellis v. Penn Beef Co.*, 9 *Del. Ch.* 213, 80 *A.* 666.

In *Allied Chemical & Dye Corporation v. Steel & Tube Co.*, 14 *Del. Ch.* 117, 122 *A.* 142, 158, the Chancellor said:

"It is well settled that a preliminary injunction will not issue unless the complainant satisfies the court that there is at least a reasonable probability of ultimate success upon a final hearing.

"This rule has been announced not only in cases where the improbability of ultimate success is because of a question of law, * * * but as well where it appears from an examination of evidence upon a disputed question of fact."

In *American Vulcanized Fibre Co. v. Taylor*, 10 *Del. Ch.* 202, 204, 87 *A.* 1025, 1026, the Chancellor, also, said:

"The fundamental idea of a preliminary injunction is the maintenance of the *status quo* of the subject-matter of the litigation, and it is based on some evidence of reasonable apprehension that the *status quo* will be so changed prior to the final decree as that the rights claimed by the complainant will be injuriously affected."

In *Nebeker v. Berg*, 13 *Del. Ch.* 6, 115 *A.* 310, 311, the Chancellor likewise said:

"An application for a preliminary injunction is addressed to the sound discretion of the court. *High on Injunctions (4th Ed.) par.* 11. Such injunction generally is employed to prevent mischief to come, and ought to do no more than preserve the *status quo* pending the decision of the cause at the final hearing on proofs taken." See, also, *American Vulcanized Fibre Co. v. Taylor*, 10 *Del. Ch.* 202, 87 *A.* 1025; *Williamson v. McMonagle*, 9 *Del. Ch.* 380, 83 *A.* 139. . .

Applying the above rules, it is apparent that in most cases an order, granting a preliminary injunction, is of such a nature that it is not subject to an appeal (see, also, 2 *Amer. Juris.* 925; *Forgay v. Conrad*, 6 *How.* 201, 205, 12 *L. Ed.* 404) ; but there may perhaps be cases where an appeal will lie from such an order. See *Tatem v. Gilpin*, 1 *Del. Ch.* 13.

Because of its allegations, the complainant's bill must be considered from, at least, three aspects:

1. It stated that the alleged amendment to the defendant's corporate charter did not receive the required

vote of the various classes of stockholders of that corporation, and was therefore, void.

2. It, also, stated that if the alleged amendment in question received the required statutory vote of the preferred stockholders of Consolidated Film Industries, Inc., that vote was procured by fraud practiced on them by the corporate management, and was, also, for the benefit of the owners of the common stock, in which the corporate management was directly or indirectly largely interested.

3. From its allegations and the allegations of the answer, it is evident that there was no real dispute as to the terms of the alleged amendment to the defendant's corporate charter relied on by it.

It is apparent both from the bill and from its prayers, however, that if that amendment were passed by the required vote of the stockholders of Consolidated Film Industries, Inc., its validity was attacked by the complainant's bill because of the principles of law laid down by this court in *Keller, et al., v. Wilson & Co. Inc., ante p.* 391, 190 *A.* 115.

Two of the allegations above referred to involved questions of fact and the third allegation involved a question of law. Both of the allegations of fact were specifically denied in the defendant's answer.

Nor did Consolidated Film Industries, Inc., the defendant, admit in its answer the complainant's allegation in his bill that he was the owner of preferred stock in that corporation when the bill was filed. It admitted that 100 shares of its preferred stock were registered on its books in his name, but stated that it did not know whether he was the real owner and holder of it at that time.

With certain exceptions, which we need not consider, Rule 38 of the Chancery Rules provides that "the defendant shall answer fully and responsively all the well pleaded allegations of the bill * * *." This rule is but the embodiment of the ancient practice governing the subject, as a complainant in a bill of equity has always been entitled to an

answer from the defendant to supply proof in support of his case. *Terry, Adm'r., v. Stull, et al.,* 20 *Del. Ch.* 39, 169 *A.* 739; *Story's Eq. Pl.* §§ 35, 845.

In considering this question, Mr. Justice Story, in his work on Equity Pleading, among other things, said that under the ancient equity practice, the defendant was required "either to admit or to deny all the facts set forth in the bill with their attending circumstances, or to deny having any knowledge or information on the subject * * *."

The defendant adopted the latter course. If it had admitted the allegation that the complainant was the owner of shares of its preferred stock, no proof of that fact would have been required on final hearing, but having denied any knowledge of the truth of that allegation, proof of it is, also, an essential element of his case.

The order of the Court of Chancery appealed from, and directing that a preliminary injunction issue, did not disclose the precise reasons for that order, but it was accompanied by an opinion of the Chancellor, which explains it.

It is claimed that it is apparent from that opinion that the action of the court was entirely based on *Keller, et al., v. Wilson & Co., supra,* recently decided by this court; that that order definitely established rights involved in this case, necessarily controlling its final decision, and was, therefore, subject to an appeal. We are unable to agree with this contention.

Until the prior issues of fact raised by the bill and answer were disposed of, it would seem that no real question, as to whether the legal principles announced by this court, in *Keller, et al., v. Wilson & Co.,* governed this case, could arise or be decided by the court below; and that the statements of the Chancellor with respect to that case were, therefore, necessarily based on assumptions of what the ultimate proof probably would be.

It is not contended that he was not within his rights

in ordering that a preliminary injunction issue, but under the facts of this case it seems that his statement with respect to *Keller, et al., v. Wilson & Co.* did not and could not definitely determine any legal rights of the parties that were then actually and necessarily in controversy. The order was, therefore, of a mere preliminary or suspensory nature and could not be appealed from. No such antecedent and undetermined questions of fact were involved either in *Electrical Research Products, Inc., v. Vitaphone Corporation,* 20 *Del. Ch.* 417, 171 *A.* 738, or in *Tatem v. Gilpin,* 1 *Del. Ch.* 13.

For the reasons above given, the appeal is dismissed.