FRED W. STODDARD *vs.* PUBLIC UTILITIES COMMISSION.

Kennebec.     Opinion, April 15, 1941.

*Locke, Campbell & Reid,* for plaintiff.
*McLean, Fogg & Southard,*
*Frank E. Southard, Jr.,* for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

THAXTER, J.   The plaintiff brings this bill in equity to enjoin the enforcement of a rule of the Public Utilities Commission known as Regulation 1 K. The case is before us on report on bill, answer, replication and agreed statement.

The plaintiff is a contract carrier who has been doing a trucking business in the state since 1929. In 1933 the legislature took the first step to bring this class of corporations under the control of the Public Utilities Commission. Public Laws 1933, Chap. 259. Under the provisions of Sec 5A of this act, all such carriers were required to obtain a permit to operate within the state. Section 5C, the so-called "grandfather clause," provides that the permit shall "be granted as a matter of right when it appears to the satisfaction of the commission, after hearing, that the applicant has been regularly engaged in the business of a contract carrier as herein defined within this state, from the first day of March, 1932, and in such cases, operation may lawfully be continued pending the issuance of such permit, provided application therefor is made within fifteen days from the effective date of this act." The plaintiff, claiming to be entitled to a permit under this provision of the act, filed an application June 28, 1933. January 26, 1934, the Public Utilities Commission filed a decree certifying that he was a contract carrier and entitled to a permit "covering the transportation of shipments between First National Stores located in Maine, and such other traffic wherein it is indicated that said National Stores is either the consignor or consignee, subject however to the rate provisions contained in Section 5, Paragraph D, Chapter 259, Public Laws of 1933." A permit was issued in

accordance with this decree as of December 30, 1933 "authorizing said applicant to operate a motor vehicle or motor vehicles as a Contract Carrier within the general area and/or for the general purpose within which and for which said applicant has been regularly engaged in transporting freight or merchandise for hire over the highways of this state from March 1, 1932 to June 30, 1933, the effective date of said Chapter 259." Neither an exception nor an appeal was taken to the order of the commission. Renewal permits were granted from year to year in slightly different form but carrying the same general provisions. In the permit issued February 26, 1940, and running to March 1, 1941, the limitation imposed on the plaintiff is set forth as follows: "To transport commodities between First National Stores located in Maine; and to transport such other traffic between points in Maine where it is indicated that the First National Stores is either the consignor or consignee."

Regulation 1 K adopted in 1935 sets forth the limitations under which such permits to that time had been issued and the limitations under which all such subsequent permits were issued. It provides that permits shall be limited as follows:

"Within the general area and/or for the general purposes within which and for which said applicant has been regularly engaged in transporting freight or merchandise for hire over the highways of this State from March 1, 1932, to June 30, 1933, the effective date of said Chapter 259."

December 21, 1939, the plaintiff filed a petition before the Public Utilities Commission "for the purpose of clarifying their existing permit; also for the purpose of altering, amending or setting aside the decree of the commission dated January 26, 1934; also the right to secure return loads along routes traveled under present permit as it may be clarified."

The aim of the plaintiff was to get rid of the limitation provided in the permit. A hearing was had on this petition which was denied. The present bill in equity was shortly thereafter filed.

The plaintiff contends that under "the grandfather clause" he was entitled to a permit giving him the right to operate without limitation of routes and that he had the right to haul to any consignee or from any consignor. He claims that he is entitled to an in-

junction against the commission because it was without jurisdiction to impose the limitations to which he objects.

We shall not discuss the merits of the plaintiff's contention because it is clear that the remedy which he seeks is not open to him.

It is of course true that the powers of the Public Utilities Commission are derived wholly from statute. If it exceeds its authority it acts without jurisdiction and its orders are of no effect and are subject to collateral attack. See *S. D. Warren Co.* v. *Maine Central Railroad Company*, 126 Me., 23, 25 ,135 A., 526. But it does not follow that in every such instance a remedy exists in equity by injunction. The plaintiff cites 51 C. J., 84-85 as authority for the principle that equity may enjoin the enforcement of an invalid order of a Public Utilities Commission but overlooks the qualification that such relief is not a matter of right but is available "unless another and exclusive remedy is prescribed by law." The legislature has provided another and exclusive remedy. Revised Statutes 1930, Chap. 62, Sec. 63, as amended provides that "Questions of law may be raised by alleging exceptions to the ruling of the commission on an agreed statement of facts, or on facts found by the commission . . . ." The doctrine that equity may interfere to enjoin the enforcement of a void law, ordinance or order is not absolute but is subject to the qualification that the failure to act will result in irreparable injury to the plaintiff's property or property rights and that there is no adequate remedy at law. See *Chapman* v. *City of Portland*, 131 Me., 242, 245, 160 A., 913. Where a party is given a special remedy by statute as is here provided there is no reason which justifies the interposition of equity. The statutory remedy is exclusive. *Sykes* v. *Jenny Wren Co.*, 78 Fed. (2d), 729.

An analogy may be found in those cases which hold that certiorari is not open to one who attacks the validity of the proceedings of a tribunal if the question was open on appeal or by exceptions. *Inhabitants of Phillips* v. *County Commissioners of Franklin County*, 83 Me., 541, 22 A., 385; *Devereaux* v. *Public Utilities Commission*, 125 Me., 520, 134 A., 545. In *Miller* v. *Wiseman*, 125 Me., 4, page 8, 130 A., 504, page 506, the court said: "Whenever it is shown that the inferior court or tribunal has no jurisdiction of the subject-matter, and the question is not open on appeal, the court will not refuse the writ." It would seem to follow from this

doctrine that if the question is open on appeal or by exceptions such procedure must be followed to the exclusion of any other.

The failure of this plaintiff to pursue the remedy provided by the statute does not justify him in proceeding by bill in equity to enjoin the commission.

*Case remanded to the sitting justice for the entry of a decree dismissing the bill.*