WALTER E. SMITH, on behalf of himself as a taxpayer of the Mayor and Council of Wilmington,, a municipal corporation of the State of Delaware, and on the behalf of all other taxpayers similarly situated,

*vs.*

DELAWARE COACH COMPANY, a corporation of the State of Delaware, JOHN C. HAZZARD, VERNON B. DERRICKSON and WALTER C. PHILLIPS, composing THE PUBLIC SERVICE COMMISSION OF DELAWARE.

*New Castle, December 29, 1949.*

*Thomas H. Wingate* and *Robert V. Huber,* for the plaintiff.

*Albert W. James,* Attorney General, and *Lawrence Elliott,* of Georgetown, for the Public Service Commission.

*Clarence A. Southerland* and *William S. Potter,* of the firm of Southerland, Berl & Potter, for the Delaware Coach Company.

HARRINGTON, Chancellor: The motion to dismiss the complaint and the application for a preliminary injunction were argued together. Delaware Coach Company, one of the defendants, is a public utility engaged in the transportation of passengers for hire in the City of Wilmington and in adjacent areas in New Castle County, and is subject to

the provisions of *Chapter* 254, *Volume* 47, *Laws of Delaware,* providing for the creation of a State Public Service Commission with the power to fix transportation rates. The individual defendants are members of that Commission.

The complaint of Walter E. Smith, among other things, alleges: that he is a resident of the City of Wilmington, and with his wife and minor children use the transportation facilities of the Delaware Coach Company; that by a purported temporary order signed by the members of the Public Service Commission, dated December 3, 1949, the Delaware Coach Company was authorized to increase its then established rates[1] for the transportation of passengers; that since December 5, 1949, in compliance with the purported order of the Public Service Commission the Delaware Coach Company has demanded and accepted the increased fares from the travelling public; that the plaintiff is informed and, therefore, avers that prior to the making of such order the Public Service Commission had not requested or required the Delaware Coach Company to file with it a schedule of its existing rates, and no such schedule was then on file with the Commission; that the said order of the Public Service Commission was made arbitrarily and capriciously on its own motion, without any request by the Delaware Coach Company, without any hearing and evidence taken as to the necessity, justice or reasonableness thereof, and without any notice to the company, to the patrons thereof, or to the citizens of Wilmington and its vicinity who daily use the facilities of the Coach Company; and that, contrary to law and the ordinary procedure, the plaintiff and other users of the transportation facilities of the Delaware Coach Company were denied the opportunity to appear before and be heard by the Public Service Commission relative to the increase in the transportation charges fixed by said order of December 3, 1949.

---

[1] Fixed by the old Public Service Commission of the City of Wilmington before it was superseded by the present Act.

He concludes that the order is void and seeks to enjoin the members of the Public Service Commission from enforcing it and the Delaware Coach Company from demanding and collecting the increased fares authorized thereby.

There is also a prayer for general relief. Other prayers are unimportant.

*Chapter* 254, *Volume* 47, of the *Laws of Delaware*, approved by the Governor June 15, 1949, in part provides:

"* * * Section 2. The Public Service Commission shall have general supervision and regulation of all public utilities. * * *

"Section 3. The Public Service Commission shall have power:

"(a) To investigate, upon its own initiative or upon complaint in writing, any matter concerning any public utility as herein defined.

\* \* \* \* \* \*

"(c) After hearing, upon notice, by order in writing to fix just and reasonable individual rates, * * * which shall be imposed, observed and followed thereafter by any public utility, as herein defined, whenever the Commission shall determine any existing individual rate, * * * toll, charge or schedule thereof, * * * to be unjust, unreasonable, insufficient, * * * or preferential.

"(d) To require every public utility as herein defined to file with the Commission complete schedules of every classification employed and of every * * * rate, fare, or charges made, * * * within this State.

\* \* \* \* \* \*

"Section 5. Unless the Commission otherwise orders, no public utility shall make any change in any rate which has been duly established under this Act except after thirty days' notice to the Commission, which notice shall plainly state the changes proposed to be made in the rates then in force and the time when the changes will go into effect. All proposed changes shall be shown by filing new schedules or shall be plainly indicated upon schedules filed and in force at the time and kept open to public inspection. The Commission, for good cause shown, may allow changes in rates without requiring the thirty days' notice under such conditions as it may prescribe. * * *

"Whenever there is filed with the Commission by any public utility any schedule stating a new rate or rates, the Commission may, either upon complaint, or upon its own initiative, upon reasonable notice, enter upon a hearing concerning the lawfulness of such rate or rates;

\* \* \* \* \* \*

"If, after such hearing, the Commission finds any such rate or rates to be unjust, unreasonable or unjustly discriminatory, * * * the Commission shall determine the just and reasonable rate or rates to be charged or applied by the utility for the service in question, and shall fix the same by order to be served upon the utility; and such rate or rates are thereafter to be observed until changed, as provided by this Act.

*    *    *    *    *    *

"Section 9. The Public Service Commission shall have power to compel the attendance of witnesses and the production of tariffs, contracts, papers, books, accounts and all other documents, * * *.

"Section 15. The Attorney General, or any public utility affected by any order made by the Public Service Commission may appeal from such order to the Superior Court of the State of Delaware within thirty days from the date upon which such order becomes effective, as herein provided. * * * Upon every such appeal the cause shall be determined by the Court from the record (which shall include a typewritten copy of the evidence and of the findings and order of the Commission) without a jury, and the Court may affirm, modify or revise the order of the Commission, in whole or in part, or may remand the cause to the Commission for rehearing, in whole or in part. The Superior Court is hereby vested with jurisdiction and power to hear and determine all such appeals, * * *.

"Section 16. The filing of an appeal from any order of the Public Service Commission shall in no case supersede or stay the order of the said Commission, unless the said Superior Court, or a Judge thereof in vacation, shall so direct, and the appellant may be required by the said Court, or a Judge thereof in vacation to give bond in such form and of such amount as the said Court, or the Judge thereof, allowing the stay, shall require."

The Attorney General (by an express provision of the statute the legal advisor of the Public Service Commission) denies the jurisdiction of this court to determine the question raised, claiming that *Sections* 15 and 16 of the Act give the plaintiff an adequate remedy at law by an appeal to the Superior Court in the name of the Attorney General, with the right to apply for a stay of the order while the appeal is pending and though the court is not in session. By its terms, the order of the Public Service Commission will be effective until January 10, 1950, and, if invalid, will cause irreparable injury to the travelling public, though

the amount of money that will be collected by the Coach Company from any one person may be small. But conceding, without deciding, that the plaintiff could have appealed from the order in the name of the Attorney General [*cf. Robertson v. Wilmington & P. Traction Co.*, 7 *Boyce* (30 *Del.*) 155, 104 *A.* 839], and could have applied for a stay, that does not determine the jurisdictional question. The powers of the Public Service Commission are wholly statutory, and, if it does not comply with the prescribed jurisdictional provisions, action pursuant to any order made may be enjoined by a court of equity under its long established general jurisdiction unless some other exclusive remedy at law is given by the statute. 51 *C.J.* 84, 85; *Stoddard v. Public Utilities Co.*, 137 *Me.* 320, 19 *A.2d* 427; *cf. Glanding v. Industrial Trust Co.*, 28 *Del. Ch.* 449, 45 *A.* 2d 553; *Theisen v. Hoey, et al.*, 29 *Del. Ch.* 365, 51 *A.* 2d 61; *Wilmington City Ry. Co., et al. v. Taylor, et al.*, (*D.C.*) 198 *F.* 159.

In *Stoddard v. Public Utilities Co., supra* [137 *Me.* 320, 19 *A.* 2d 428], the court said:

"If it (the Commission) exceeds its authority it acts without jurisdiction and its orders are of no effect and are subject to collateral attack."

The cases cited by the Attorney General recognize this rule, but deny injunctive relief because the statutes creating the commissions are construed to give other and exclusive remedies at law. *Stoddard v. Public Utilities Co., supra; Denver & South Platte Ry. Co. v. City of Englewood*, 62 *Colo.* 229, 161 *P.* 151, 4 *A.L.R.* 956; *City of Chicago, et al., v. O'Connell, et al.*, 278 *Ill.* 591, 116 *N.E.* 210, 8 *A.L.R.* 916. There is nothing in our statute to indicate such an intent, and this court has jurisdiction though there may be an ancillary legal remedy by statute. *Cf. Glanding v. Industrial Trust Co., supra; Theisen v. Hoey, et al., supra.*

The fact that an appeal was taken by the petitioner who represented the public in *Robertson v. Wilmington & P. Traction Co., supra*, does not affect this conclusion.

Furthermore, as the public is affected by the increased rates permitted by the order of December 3, 1949, a complaint on behalf of the plaintiff and all other persons similarly situated is proper under *Rule* 23 of this court.

Under the statute, the Public Service Commission has general supervision and regulation of all public utilities, including street railways, motor buses and electric trackless trolley coaches, not owned by a municipality, and may "investigate upon its own initiative or on complaint in writing" any matter concerning any public utility as defined by the Act; after "hearing upon notice" by order in writing the Commission may fix just and reasonable rates whenever any existing rates are determined to be unreasonable or insufficient. Unless the Commission "otherwise orders", no public utility may change any rates established under the Act except after thirty days' notice to the Commission; and all "proposed changes" shall be shown by "new schedules filed" or plainly indicated "upon schedules filed and in force at the time and kept open to public inspection." But for "good cause shown", the Commission "may allow changes in rates without requiring thirty days' notice under such conditions as it may prescribe." When any new schedules or rates are filed, the Commission may "either upon complaint or upon its own initiative upon reasonable notice enter upon a hearing concerning the lawfulness of such rate or rates," and if found to be unjust shall fix reasonable rates to be charged. The Commission is also given the power to compel the attendance of witnesses and the production of tariffs, contracts, and other documents and in case an appeal is taken to the Superior Court, the case shall be determined from the record "(which shall include a typewritten copy of the evidence * * *)."

It is apparent from these provisions that no order changing the rates can be made by the Public Service Commission on its own initiative without a "hearing concerning the lawfulness of such rate or rates" and without reason-

able notice to the public as well as to the public utility affected. *Cf. Robertson v. Wilmington & P. Traction Company, supra.* When the act is read as a whole it is evident that the phrase in *Section 5,* which permits changes in rates by the Commission without the usual thirty days' notice "under such conditions as it may prescribe," is not inconsistent with this conclusion. The affidavits filed are not in substantial conflict and clearly sustain the allegation in the complaint that the order of December 3, 1949, was made by the Public Service Commission without having first complied with these statutory requirements.

For the purposes of the present application it is clear that there was no such notice to the public or such hearing as is contemplated by the Act.

Nor does the fact that the order of the Public Service Commission was temporary affect the plaintiff's right to injunctive relief. 51 *C.J.* 85; *Prendergrast v. New York Telephone Co.,* 262 *U.S.* 43, 43 *S.Ct.* 466, 67 *L.Ed.* 853.

The motion to dismiss the complaint was properly denied.

The purpose of a preliminary injunction is to maintain the true *status quo* until the final determination of the case. See *Consolidated Film Industries v. Johnson,* 21 *Del.Ch.* 417, 192 *A.* 603; *Nebeker v. Berg,* 13 *Del.Ch.* 6, 115 *A.* 310.

In order to prevent additional irreparable loss to the travelling public a preliminary injunction as prayed for in the amended complaint will therefore be issued prohibiting the members of the Public Service Commission from enforcing the purported order of December 3, 1949, and prohibiting the Delaware Coach Company from collecting the increased fares authorized thereby.

Let an order be entered accordingly.