**Eckfeldt Estate**

*Lauren E. Pfundt* and *Bruce L. Castor*, for appellants.

*Robin E. Gower, deputy attorney general,* for the commonwealth.

GUTOWICZ, *J.,* October 14, 1988 — As a result of his participation in his employer's retirement plan, Theodore E. Eckfeldt acquired a 100 percent vested interest in a single premium deferred annunity contract. Under the plan, Mr. Eckfeldt had the right to elect to receive the entire amount in his separate investment account, in cash, and the right to designate and change beneficiaries who would receive the accumulated value of his account in the event of his death. Mr. Eckfeldt died on January 5, 1985. The accumulated value of his account was paid to beneficiaries designated by him in accordance with the terms of the plan.

In a notice of appraisement dated December 23, 1985, the commonwealth took the position that the payment to the designated beneficiaries was subject to inheritance tax because, "[p]er *Dorsey Estate,* 366 Pa. 557, 79 A.2d 259 (1951), decedent had 'possessory rights' to the fund." On October 20, 1986, the Board of Appeals denied a protest to the notice of appraisement. On January 29, 1988, Judge Shoyer dismissed an appeal to this court from the decision of the Board of Appeals. Judge Shoyer held the payment taxable under section 1707(c)(7) of the Inheritance and Estate Tax Act of 1982, Act of 1982, P.L. 1086, section 1707(c)(7), 72 Pa.C.S. §1707(c)(7). Before us are exceptions to the opinion and decree of Judge Shoyer.

We are called upon to decide whether payments made under a retirement plan, to distributees designated by the decedent in accordance with the terms of the plan, are subject to the inheritance tax where, at death, the decedent had the right to withdraw the entire amount to his credit in the plan, in cash, and the right to change the distributee who would receive the accumulated value of his account in the event of his death. The position of the executors is succinctly set forth in the introduction to their brief sur exceptions, to wit:

"[I]nheritance tax is imposed only on transfers indentified in the Inheritance and Estate Tax Act of 1982. The transfer involved here was a transfer which occurred at death and the only transfers occurring at death which are indentified in the act as taxable are those made by will or intestacy. This transfer was not by will or intestacy but by contact with an insurance company. Therefore, it is not taxable."

A resolution of the instant matter requires an interpretation of the following provisions of the Inheritance and Estate Tax Act of 1982, to wit:

"§1706. Imposition of Tax —

"An inheritance tax for the use of the commonwealth is imposed upon every transfer subject to tax under this chapter at the rates specified in section 1716 (relating to inheritance tax)."

"§1707. Transfer subject to tax —

"(a)*General rule* — The transfers enumerated in this section are subject to the tax imposed by section 1706 (relating to imposition of tax).

"(b)*Transfers by will or intestacy* — All transfers of property by will, by the intestate laws of this commonwealth or, in the case of transfer from a non-resident, by laws of succession of another jurisdiction are subject to tax . . .

"(c)*Inter vivos transfers* —

"(1) All transfers of property specified in paragraphs (3) through (7) which are made by a resident or a non-resident during his lifetime are subject to tax to the extent that they are made without valuable and adequate consideration in money or money's worth at the time of transfer.

. . .

"(7) A transfer conforming to paragraph (1), and under which the transferor has at his death, either in himself alone or in conjunction with any person not having an adverse interest, a power to alter, amend or revoke the interest of the beneficiary, is subject to tax. Similarly, the relinquishment of such a power is a transfer subject to tax except as otherwise provided in paragraph (3)."

The language of section 1707(c)(7) of the 1982 act is derived from the following language of the Inheritance and Estate Tax Act of 1961, to wit:

"§226.*Revocable and Tentative Trusts* — A transfer conforming to section 221(a), and under which the tranferor has, at his death, either in himself alone, or in conjunction with any person not having an adverse interest, a power to alter, amend or revoke the interest of the beneficiary, is subject to tax under this act. Similarly, the relinquishment of such a power in contemplation of death, within the meaning of section 222, is a transfer subject to tax." Act of 1961, P.L. 373, §226. Section 226 of the 1961 Act is derived from section 1(c) of the Transfer Inheritance Tax Act of June 20, 1919, P.L. 521, which imposed a tax upon the transfer of any property:

"(c) When the transfer is of property made by a resident, . . . by deed, grant, bargain sale or gift,

made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death."

The executors and Judge Shoyer agree that the facts of the instant matter are indistinguishable from those in *Dorsey Estate,* 366 Pa. 557, 70 A.2d 259 (1951). In *Dorsey, supra,,* an employee and employer had made contributions to a savings and profit-sharing pension fund. At the time of his death, the employee had the right to withdraw the total amount of the fund credited to him, and, the right to designate the beneficiaries who would receive his portion of the fund in the event of his death. On the foregoing facts, our Supreme Court held as follows, to wit:

"[I]n view of the depositor's right to withdraw in his lifetime the total amount of the funds credited to him or to make full disposal of it at the time of his death, he had, in any event, substantial ownership of his entire share of the fund and accordingly, in transferring it to the beneficiary designated by him he was transferring . . . *his own property* . . . , here, as previously pointed out, the property involved did form part of decedent's estate in his lifetime and passed to the beneficiary, not from the employer-company but from decedent's estate.

. . .

"[I]n the present case no transfer whatever occurred during the life of the donor but only at his death, thus bringing the transaction directly within the purport of the Act of 1919 and subjecting it to the tax therein provided." *Dorsey, supra.* The *Dorsey* court thus held that a payment to a designated beneficiary of a retirement plan was a transfer which had occurred at the death of the employee,

and, was subject to inheritance tax under section 1(c) of the 1919 Act. This was so held despite the language of section 1(c) which clearly refers to inter vivos transfers, to wit, transfers, "by deed, grant, bargain, sale or gift, . . . ".

The executors cite *Dorsey, supra,* for the proposition that the transfer in the instant matter occurred at the death of Mr. Eckfeldt. They conceded that the instant payments to designated beneficiaries would have been taxable under section 1(c) of the 1919 Act. Nevertheless, they go on to assert that:

"Section 1(a) of the 1919 Act taxes transfers by will or 'by the intestate laws of this commonwealth.' Section 1(c) taxes other types of transfers 'by deed, grant, bargain, sale or gift . . . intended to take effect in possession or enjoyment at or after such death.' Section 1(c) was not limited to inter vivos transfers and therefore the *Dorsey* court could find that the transfer of the account in the Sears Roebuck plan which occurred at death was taxed under the act. Under the 1982 Act, however, the only transfers at death which are taxed under the 1982 Act are transfers by will or intestacy."

In summary, the executors take the position that the *Dorsey* court could find a taxable transfer on the present facts, under section 1(c) of 1919 Act, but, this court may not find a taxable transfer on the same facts under section 1707(c)(7) of the 1982 Act. We do not agree with the said position of the executors.

Payments such as the ones in question were uniformly held subject to inheritance tax under section 1(c) of the 1919 act. See *Hoelzel Estate*, 101 Pitts. Leg. J. 77 (1952), *Cameron Estate*, 8 Pa. Fiduc. 195 (1958), *Eastlack Estate*, 9 Pa. Fiduc. 303 (1959), *Luttringer Estate*, 56 Lancaster L. Rev.

533 (1959), *Matthews Estate,* 53 Luzerne Leg. Reg. 159 (1963) and *Robeson Estate,* 34 D.&C. 2d 296 (1964). Adoption of the excutors' position would require a holding that, by enacting section 226 of the 1961 Act and section 1707(c)(7) of the 1982 Act, the legislature intended to change the result of *Dorsey, supra,* and the foregoing cases, so that payments to designated beneficiaries of a retirement plan are *not* subject to inheritance tax *even* where, at death, the employee has the right to withdraw the total amount to his credit in the plan, and the right to designate the beneficiaries who will receive his portion of the plan in the event of his death. Adoption of the executors' interpretation of section 1707(c)(7) of the 1982 Act woulf fly in the face of the holding of our Supreme Court in *Truck Terminal Realty Co. v. Commonwealth,* 486 Pa. 16, 403 A.2d 986 (1979), to wit:

"When confronted with questions of statutory construction, this court has repeatedly held that the words of a statute are to be interpreted in light of the antecedent case law. *Tarlo's Estate,* 315 Pa. 321, 172 Atl. 139 (1934). Thus, legislative intent to effectuate a drastic change in the law is not to be inferred by mere omission and implication. *Young v. Kaye,* 443 Pa. 335, 279 A.2d 759 (1971)." *Id.* at 23, 403 A.2d at 989.

The legislature knows how to exempt employment benefits from inheritance tax. It did so under section 316 of the 1961 Act, which orginally provided,

"§316. *Employment Benefits* — Payments under pension, stock-bonus or profit-sharing plans, to distributees designated by decedent, are exempt from inheritance tax to the extent that the decedent before his death did not otherwise have the right to

possess (including proprietary rights at termination of employment), enjoy, assign or anticipate the payments so made . . . "

It does so under section 1711(r) of the 1982 Act, which provides,

"(r)*Employment Benefits* — Payments under pension, stock bonus, profit-sharing and other retirement plans including, but not limited to H.R. 10 plans, individual retirement accounts, individual annuities and individual retirement bonds to distributees designated by decedent or designated in accordance with the terms of the plan, are exempt from inheritance tax to the extent that decedent before his death did not otherwise have the right to possess (including proprietary rights at termination of employment), enjoy, assign or anticipate the payment. . . . "

The payments in the instant matter would not have been exempt under section 316 and are not exempt under section 1711(r). While 1711(r) appears in subchapter C of the 1982 Act, under the heading, "Transfers not subject to tax," its very inclusion in the 1982 Act is relevant to an interpretation of section 1707(c)(7). If, as the executors argue, section 1707(c)(7) is to be interpreted so that payments to designated beneficiaries of a retirement plan are *not* subject to inheritance tax *even* where, at death, the employee has the right to withdraw the total amount to his credit in the plan, and the right to designate the beneficiaries who will receive his portion of the plan in the event of his death, then section 1711(r) is ineffective, useless and contradictory. We cannot presume that the legislature intended such a result when incorporated section 1711(r) into the 1982 Act. See 1 Pa.C.S. §1922(1) and (2).

Interpreting section 1707(c)(7) of the Act of 1982

in light of section 1(c) of the 1919 Act, sections 226 and 316 of the 1961 Act, the case law interpreting an applying the aforementioned sections of the prior acts, and section 1711(r) of the 1982 Act, we are certain of the correctness of Judge Shoyer's holding that the instant payments to distributees designated to his retirement plan are subject to inheritance tax under section 1707(c)(7). Accordingly, we dismiss the exceptions to the opinion and decree of Judge Shoyer dated January 29, 1988, and, the record is remanded to the register of wills.

## DECREE

And now, October 14, 1988, the exceptions to the opinion and decree of Shoyer, *J.*, dated January 29, 1988, are dismissed, and, the record is remanded to the register of wills.