Douglas L. HALLETT, Third–Party
Defendant Below–Appellant,

v.

CARNET HOLDING CORPORATION,
Cross–Claim and Nominal Defendant
Below–Appellee.

No. 499, 2002.

Supreme Court of Delaware.

Submitted: Sept. 20, 2002.
Decided: Nov. 25, 2002.

Anne C. Foster, Esquire and Thad J. Bracegirdle, Esquire, of Richards, Layton & Finger, Wilmington, Delaware, for appellee.

Douglas L. Hallett, Esquire, in propria persona.

Sheldon K. Rennie, Esquire, of Fox, Rothschild, O'Brien & Frankel, Wilmington, Delaware.

James C. Strum, Esquire, of Stradley, Ronon, Stevens & Young, Wilmington, Delaware.

Kurt M. Heyman, Esquire, of The Bayard Firm, Wilmington, Delaware.

Before WALSH, HOLLAND and BERGER, Justices.

HOLLAND, Justice.

The Court has before it the appellee CARNET Holding Corporation's ("CARNET") motion to dismiss the appeal of the appellant Douglas L. Hallett, Esquire ("Hallett"). CARNET contends that Hallett has not appealed from a final judgment that falls within this Court's mandatory appellate jurisdiction. We have concluded that CARNET's motion to dismiss must be granted in part and denied in part.

### Facts

On August 12, 2002, the Court of Chancery granted a petition by CARNET and entered a judgment that maintained a confidentiality and sealing order which had been entered originally on April 3, 2002. The petition by CARNET to maintain the documents under seal[1] was opposed by Hallett. During a telephone conference on August 23, 2002, the Court of Chancery declined Hallett's request to reconsider its August 12, 2002 judgment maintaining the documents under seal. During that August 23, 2002 teleconference, the Court of Chancery took no action on Hallett's suggestion that it "revisit" an April 16, 2002 final judgment that dismissed, as moot, Hallett's request to disqualify CARNET's outside counsel.[2]

Hallett filed a notice of appeal in this Court on September 5, 2002. First, Hallett seeks this Court's review of a judgment entered on August 12, 2002—pursuant to Court of Chancery Rule 5(g)—that extended an April 3, 2002 confidentiality order sealing the record regarding certain materials filed with the Register in Chancery. In an August 23, 2002 teleconference, the Court of Chancery denied Hallett's request to reconsider the judgment that it had entered on August 12, 2002.

Second, Hallett seeks this Court's review of a final judgment entered by the Court of Chancery on April 16, 2002 that dismissed, as moot, Hallett's request to disqualify CARNET's outside counsel. Hallett did not file an appeal from the April 16, 2002 final judgment. Nevertheless, he suggested that the Court of Chancery "revisit" that issue during the aforementioned August 23, 2002 teleconference, when Hallett asked for reconsideration of the judgment entered on August 12, 2002.

### Motion to Dismiss

CARNET has filed a motion to dismiss Hallett's appeal in its entirety. First, CARNET contends that the August 12, 2002 judgment, that ordered the continued maintenance of certain documents under seal, was not a final judgment. CARNET

---

1. Pursuant to Ct. Ch. R. 5(g)(7).

2. The telephone conference was held in response to a letter from Hallett to the Court of Chancery, following the entry of the August 12, 2002 judgment. There was no motion filed by Hallett prior to the teleconference and no order issued by the Court of Chancery after the teleconference had concluded.

submits that the August 12, 2002 judgment was an interlocutory ruling and that Hallett has failed to comply with Supreme Court Rule 42. Second, CARNET contends that no judgment, either interlocutory or final, was entered on August 23, 2002 which would permit Hallett to invoke the appellate jurisdiction of this Court to challenge the April 16 final judgment in an appeal filed on September 5, 2002.

### Original Confidentiality Order

In 1999, one of CARNET's shareholders filed a derivative action in the Court of Chancery against CARNET and certain of its officers and directors.[3] Thereafter, one of the individual defendants named Hallett, former general counsel for CARNET, as a third-party defendant. The case was ultimately settled.

After the case was dismissed, the plaintiff filed a motion for attorney's fees. Hallett filed a brief in opposition to the motion for attorney's fees. In that brief, Hallett also asserted that CARNET's outside counsel should be disqualified. In support of his position regarding disqualification, Hallett submitted certain documents containing e-mail communications between CARNET and its outside counsel.

A motion was filed by CARNET's outside counsel which asserted that the documents filed by Hallett, docketed by the Register in Chancery as numbers 126 and 127, were privileged attorney-client communications. The motion requested that the confidentiality of those communications be protected by placing them under seal. On April 3, 2002, the Court of Chancery issued an order designating the documents that had been filed with Hallett's brief as confidential and placing them under seal.

### Final Judgment Merits

On April 16, 2002, the Court of Chancery entered its final judgment on the merits in the case. That final judgment dismissed plaintiff's claims with prejudice; denied plaintiff's petition for attorney's fees; and denied, as moot, the request in Hallett's brief to disqualify CARNET's outside counsel.[4] Hallett did not file an appeal from the Court of Chancery's April 16, 2002 final judgment.

The Court of Chancery's April 3, 2002 order that sealed and designated as confidential docket entries 126 and 127 was an interlocutory ruling. That interlocutory decision was appealable as a matter of right to this Court when the final judgment on the merits was entered by the Court of Chancery on April 16, 2002. Since no appeal was filed, the order designating as confidential and sealing docket entry numbers 126 and 127 operated as a form of ongoing injunction, albeit of limited duration, pursuant to Court of Chancery Rule 5(g)(7).

### Second Confidentiality Order

On August 5, 2002, CARNET filed a petition to maintain the confidentiality of the documents that were ordered sealed on April 3, 2002. That petition was filed in response to the customary notice from the Register in Chancery that, absent such a petition, the filings known as docket numbers 126 and 127 would be unsealed pursuant to Court of Chancery Rule 5(g)(7). That rule expressly provides that such a notice shall be sent "30 days after final judgment has been entered without any appeal having been taken therefrom."[5] Hallett filed objections to CARNET's petition on August 9, 2002. The Court of

---

3. *Edward S. Benville, Jr. v. Michael York and Eli Dabich, Jr. and Carnet Holding Corporation,* Del. Ch., C.A. No. 17638, 769 A.2d 80.

4. *Lipson v. Lipson,* 799 A.2d 345 (Del.2001).

5. Ct. Ch. R. 5(g)(7).

Chancery granted CARNET's petition to continue the April 3, 2002 order maintaining the documents under seal and entered a judgment on August 12, 2002.

### Continuing Enforcement Jurisdiction

■ It is well established that, like any ongoing injunction, a trial court retains the jurisdiction and authority to enforce, modify, or terminate any confidentiality order it has entered.[6] A trial court has continuing jurisdiction to enforce its own confidentiality order as long as that order remains in effect, including periods after the entry of a final judgment on the merits.[7] A corollary to that continuing enforcement jurisdiction is the power to modify or terminate the confidentiality order.[8]

### Confidentiality Appeal Timely

■ When a judgment on the merits has become final, a subsequent decision to enforce, modify or maintain an extant confidentiality order constitutes a subsequent separate final judgment.[9] Hallett filed a timely direct appeal from the separate final judgment entered on August 12, 2002, that extended the confidentiality order originally entered on April 3, 2002. Accordingly, CARNET's motion to dismiss that portion of Hallett's appeal is denied.

### Disqualification Appeal Untimely

■ Hallett's purported attempt to appeal the Court of Chancery's refusal to "revisit" the final judgment not to disqualify CARNET's outside counsel, however, is

not properly before the Court. The record reflects that no motion was filed by Hallett to reopen the April 16, 2002 final judgment prior to the telephone conference on August 23, 2002. In fact, a review of the record reflects that the purpose of the August 23, 2002 teleconference was to consider a letter request by Hallett for reconsideration of the August 12, 2002 judgment extending the April 3, 2002 confidentiality order.

During that teleconference, Hallett suggested that the Court of Chancery should "revisit" the final judgment entered on April 16, 2002, that dismissed, as moot, Hallett's request to disqualify counsel. The record reflects that on August 23, 2002, the Court of Chancery took no action on that suggestion and entered no judgment that could form the basis for an appeal from the judgment that it entered on April 16, 2002. In the absence of a formal motion by Hallett to reopen the final judgment entered on April 16, 2002, and in the absence of the entry of a judgment denying such a motion, there is nothing for this Court to review with regard to the August 23, 2002 telephone conference. Therefore, as to that portion of Hallett's appeal, purporting to challenge the Court of Chancery's refusal to reconsider its April 16, 2002 final judgment that dismissed, as moot, Hallett's motion to disqualify CARNET's outside counsel, CARNET's motion to dismiss must be granted.

Alternatively, Hallett seems to contend that the time for him to file an appeal was extended because he never received a

**6.** *Pansy v. Borough of Stroudsburg,* 23 F.3d 772 (3d Cir.1994); *see also Cebenka v. Upjohn Co.,* 559 A.2d 1219, 1224–25 (Del.1989).

**7.** *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 782 (1st Cir.1988), *cert denied* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *see also Poliquin v. Garden Way, Inc.,* 989 F.2d 527, 535 (1st Cir.1993).

**8.** *Id.; see also Wolhar v. General Motors Corp.,* 712 A.2d 464, 468 (Del.Super.1997); and *Miles Inc. v. Cookson America, Inc.,* 1993 WL 547186, *4–5, 1993 Del. Ch. LEXIS 271, 12.

**9.** The standard of appellate review is abuse of discretion. *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 790 (1st Cir.1988), *cert. denied* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989).

copy of the April 16, 2002 final judgment from the Register in Chancery. The record reflects that Hallett and all other parties were advised by the Vice–Chancellor, during an April 15, 2002 telephone conference, that a final judgment would be entered on April 16, 2002. It was Hallett's responsibility to ascertain when that final judgment was entered and docketed.[10] Assuming arguendo that the Register in Chancery did not send a copy of the final judgment to Hallett, it would not excuse Hallett's failure to file a timely appeal with this Court.[11]

### Conclusion

CARNET's motion to dismiss Hallett's appeal is granted in part and denied in part. Briefing will proceed solely on Hallett's appeal from the Court of Chancery's August 12, 2002 final judgment that extended its prior sealing order. A brief schedule will be issued by the Clerk of this Court.

---

10. *Giordano v. Marta,* 723 A.2d 833 (Del. 1998).

