Frank E. ACIERNO, Plaintiff
Below–Appellant,

v.

Nathan HAYWARD, III, Secretary of the Department of Transportation, and the Department of Transportation of the State of Delaware, Defendants Below–Appellees.

No. 310,2004.

Supreme Court of Delaware.

Submitted: Aug. 30, 2004.

Decided: Oct. 4, 2004.

Richard L. Abbott, The Bayard Firm, Wilmington, for appellant.

Collins J. Seitz, Jr., Connolly Bove Lodge & Hutz, Wilmington, for appellees.

Before STEELE, Chief Justice, BERGER, and RIDGELY, Justices.

BERGER, Justice:

The appellant Frank Acierno filed this appeal from an opinion of the Court of Chancery, dated July 1, 2004, granting the appellees' (collectively "DelDOT") motion to disqualify Acierno's additional counsel, Richard L. Abbott, Esquire, because of a conflict of interest arising from Abbott's former representation of DelDOT.[1] The Clerk of this Court issued a notice to

---

1. Acierno continues to be represented in the Court of Chancery proceedings by another Delaware lawyer, Charles M. Oberly, III, Es- quire, who filed the complaint below on Acierno's behalf. Oberly has not entered his appearance in this appeal, however.

Acierno to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 in attempting to appeal an interlocutory order.

Acierno (or, more accurately, Abbott) [2] filed a response to the notice to show cause contending that the disqualification order is final and appealable because it has no direct bearing on the final outcome of the merits of the case.[3] Alternatively, Acierno contends that the order is appealable as a matter of right under the "other proceedings in chancery" clause of Section 11(4) of Article IV of the Delaware Constitution.[4] DelDOT filed a response in opposition to Acierno. According to DelDOT, Delaware case law clearly has established that disqualification orders are interlocutory in nature and may be appealed only during the pendency of the trial court proceedings through the certification process set forth in Supreme Court Rule 42 governing interlocutory appeals.

 We agree. The Court of Chancery's disqualification order is clearly interlocutory, and Acierno made no attempt to comply with Rule 42 in seeking to appeal this interlocutory order. Accordingly, this appeal must be dismissed. We leave it to the Court of Chancery to consider whether Abbott's appearance in this matter as Acierno's counsel constitutes contempt of the Court of Chancery's disqualification ruling.[5]

### Parties' Contentions

Acierno, citing a 1937 Delaware case, argues that the disqualification order is a final, appealable order because it does not determine a matter that is "necessary to the making of the final order or decree." [6] Furthermore, Acierno argues that the disqualification order is final in nature because "it finally and conclusively establishes that counsel has been disqualified and may not represent the Appellant." Acierno cites to two Delaware decisions, *Hallett v. Carnet Holding Corp.*[7] and *Avacus Partners, L.P. v. Brian,*[8] in support of his position. Alternatively, Acierno argues that the matter "may also fall within the category of 'matters of appeal in ... other proceedings in chancery.'" [9] Acierno cites

---

**2.** Acierno notes in his response that "[w]hile the appeal is technically in the name of the Appellant, it is also as a practical matter an appeal by counsel for the Appellant."

**3.** Acierno filed his complaint against DelDOT seeking injunctive relief and damages against the State and DelDOT for the allegedly illegal denial of an approval letter necessary for Acierno to develop a 915,000 square foot commercial shopping center in Christiana, Delaware.

**4.** DEL. CONST. ART IV, § 11(4) provides: "The Supreme Court shall have jurisdiction as follows: ... (4) To receive appeals from the Court of Chancery and to determine finally all matters of appeal in the interlocutory or final decrees and other proceedings in chancery."

**5.** In the absence of a stay of the trial court's disqualification order, Abbott is prohibited

from appearing as Acierno's counsel in this matter. Acierno never sought a stay of the Court of Chancery's disqualification order and, thus, allowed Abbott to pursue this appeal on his behalf in contravention of the disqualification ruling. This Court previously has noted that a litigant "who displays defiance to a court by refusing to comply with its order should not be permitted to appeal that order while persisting in his defiance." *Schmidt v. Schmidt*, 610 A.2d 1374, 1375 (Del.1992).

**6.** *Consolidated Film Indus. v. Johnson*, 192 A. 603, 608 (Del.1937) (citing *Tatem v. Gilpin*, 1 Del.Ch. 13 (1816)).

**7.** 809 A.2d 1159 (Del.2002)

**8.** 1990 WL 44269 (Del.Ch. Apr.11, 1990).

**9.** DEL. CONST. ART. IV, § 11(4).

no decisional authority in support of his constitutional interpretation.

In response, DelDOT asserts that the disqualification ruling does not fall within this Court's general definition of a final judgment, which is "one that determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration." [10] Moreover, DelDOT points out that this Court has accepted interlocutory appeals filed pursuant to Rule 42 from disqualification rulings, including in the *Avacus* case, which Acierno cited in support of his position. Thus, according to DelDOT, Acierno had the opportunity to invoke this Court's appellate jurisdiction through the certification process of Rule 42, but failed to do so.

### Jurisdictional Analysis

■ In adopting Supreme Court Rule 42 in 1981, this Court made a policy decision that appeals from interlocutory orders would not be accepted unless the order met certain criteria *and* special application to appeal was made to the trial court and this Court.[11] Since its adoption, this Court has adhered strictly to the rule that, absent compliance with the certification procedures of Rule 42, the appellate jurisdiction of this Court may only be invoked, as a matter of right, through a timely appeal from a final judgment of a trial court.[12]

An order is deemed final if the trial court has clearly declared its intention that the order be the court's "final act" in the case.[13]

■ In the criminal context, this Court unequivocally has held that an appeal from a disqualification ruling, whether filed in the name of the client [14] or in the name of the disqualified counsel,[15] is interlocutory and thus impermissible under the Delaware Constitution.[16] Today we take the opportunity to state unequivocally in the civil context that an appeal from a disqualification ruling is interlocutory and may only be filed in compliance with Supreme Court Rule 42.

This ruling is consistent with the Court's prior decisions. Acierno's reliance on our decision in *Hallett v. Carnet Holding Corp.*[17] in support of his position that a disqualification ruling is final and appealable is misplaced. What Acierno fails to acknowledge is that the Court of Chancery's disqualification ruling in *Hallett* was issued in conjunction with the trial court's final order dismissing the plaintiff's claims with prejudice and denying plaintiff's request for attorneys fees.[18] That is not the case here. Moreover, while Acierno quotes a portion of the Court of Chancery's order in *Avacus Partners, L.P. v. Brian,*[19] Acierno fails to acknowledge that the quoted statement was taken from the Court of Chancery's decision granting an

**10.** *Tyson Foods, Inc. v. Aetos Corp.*, 809 A.2d 575, 579 (Del.2002).

**11.** *Pollard v. The Placers, Inc.*, 692 A.2d 879, 881 (Del.1997) (citing *Julian v. State*, 440 A.2d 990, 991 (Del.1982)).

**12.** *Id.* at 880 (citing *Julian v. State*, 440 A.2d 990, 991 (Del.1982)).

**13.** *J.I. Kislak Mortgage Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

**14.** *See, e.g., Grossberg v. State*, Del.Supr., No. 307, 1997, 698 A.2d 409, Veasey, C.J. (July 25, 1997).

**15.** *See, e.g., Gottlieb v. State*, 697 A.2d 400 (Del.1997).

**16.** Del. Const. Art. IV, § 11(1)(b).

**17.** 809 A.2d 1159 (Del.2002).

**18.** *Id.* at 1161.

**19.** 1990 WL 44269 (Del.Ch. Apr.11, 1990).

application to certify an interlocutory appeal under Rule 42, an appeal that this Court accepted in its discretion.[20]

Our ruling today also is consistent with the United States Supreme Court's holding in *Richardson–Merrell, Inc. v. Koller.*[21] In *Richardson–Merrell*, the Court held that an order disqualifying counsel in a civil case was not a final, appealable judgment, nor was it appealable under the collateral order doctrine.[22] The Court noted that its holding would not leave the client or the disqualified attorney without a remedy. The Court stated that a party could seek either certification of an interlocutory appeal or, in exceptional circumstances, a writ of mandamus.[23] Alternatively, if the client obtained an unsatisfactory final judgment, the disqualification ruling could be challenged as part of the final judgment.[24] We find this reasoning persuasive.

### Conclusion

It is clear that the Court of Chancery's disqualification decision is an interlocutory ruling because the Court of Chancery has not rendered a final judgment on the underlying complaint for injunctive relief and damages. Accordingly, an appeal to this Court is premature absent compliance with the requirements of Rule 42. Acierno has not attempted to comply with this Rule. The appeal, therefore, must be dismissed.

---

**20.** *See In re Infotechnology, Inc.,* 582 A.2d 215 (Del.1990).

**21.** 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985).

**22.** *Id.* at 430, 105 S.Ct. 2757.

**23.** *Id.* at 435, 105 S.Ct. 2757.

