Mark V. HURD, Intervenor
Below, Appellant,

v.

Ernesto ESPINOZA, Plaintiff
Below, Appellee,

and

Hewlett–Packard Company, a Delaware
Corporation, Defendant Below,
Appellee.

No. 167, 2011.

Supreme Court of Delaware.

Submitted: Oct. 12, 2011.
Decided: Dec. 28, 2011.
Corrected: Dec. 29, 2011.

Rolin P. Bissell, Esquire (argued), William D. Johnston, Esquire, Elena C. Norman, Esquire, James M. Yoch, Jr., Esquire and Pilar G. Kraman, Esquire of Young Conaway Stargatt & Taylor, LLP, Wilmington, Delaware; Of Counsel: Lawrence D. Lewis, Esquire, Dwight L. Armstrong, Esquire and Keith Paul Bishop, Esquire of Allen Matkins Leek Gamble Mallory & Natsis LLP, Irvine, California and Amy Wintersheimer Findley, Esquire of Allen Matkins Leek Gamble Mallory & Natsis, LLP, San Diego, California, for Appellant Mark V. Hurd.

Blake A. Bennett, Esquire of Cooch and Taylor, P.A., Wilmington, Delaware; Of Counsel: Felipe J. Arroyo, Esquire (argued), Gregory E. Del Gaizo, Esquire and Kevin S. Kim, Esquire of Robbins Umeda LLP, San Diego, California, for Appellee Ernesto Espinoza.

Peter J. Walsh, Jr., Esquire, Stephen C. Norman, Esquire, R. Christian Walker, Esquire and Matthew D. Stachel, Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware; Of Counsel: Steven M. Schatz, Esquire (argued), Boris Feldman, Esquire and Katherine L. Henderson, Esquire of Wilson, Sonsini, Goodrich & Rosati, Palo Alto, California and Marc J. Sonnenfeld, Esquire of Morgan, Lewis & Bockius LLP, Philadelphia, Pennsylvania, for Appellee Hewlett–Packard Company.

Before STEELE, Chief Justice, BERGER, JACOBS and RIDGELY, Justices and VAUGHN, President Judge,[*] constituting the Court en Banc.

BERGER, Justice:

In this appeal we consider whether a letter concerning allegedly inappropriate conduct by a corporate executive should be kept under seal. The letter was attached to a complaint seeking books and records relating to the corporate executive's resignation.[1] Neither the corporation nor the stockholder plaintiff argues that the letter is confidential. The corporate executive, who was allowed to intervene, contends that the letter is, and must remain, confidential as a matter of California law. A books and records action brought under 8 *Del. C.* § 220 is governed by Delaware law. In the Court of Chancery, documents filed in a court proceeding are public records unless a party seeking confidentiality demonstrates "good cause." The Court of Chancery decided that the intervenor did not establish good cause to maintain the

confidentiality of the letter. We agree and affirm.

**Factual and Procedural Background**

Mark V. Hurd was Chairman of the Board and CEO of Hewlett–Packard Company (HP) from September 2006 until he resigned on August 6, 2010. HP asked for Hurd's resignation after investigating allegations of sexual harassment made by Jodie Fisher, a former HP contractor. The allegations were detailed in a June 24, 2010 letter from Fisher's attorney, Gloria Allred, which was addressed to Hurd in his capacity as CEO. Hurd turned the Allred letter over to HP's Executive Vice President and General Counsel, Michael Holston, who alerted the HP Board of Directors. The Board directed that the matter be investigated, and found that Hurd "had a close personal relationship with an HP contractor" who "received compensation and/or expense reimbursement where there was not a legitimate business purpose."[2] The Board concluded that Hurd's "personal and professional behavior [ ] compromised his ability to lead the Company."[3]

About two weeks after Hurd's resignation, Ernesto Espinoza, an HP stockholder, sent a demand letter to Holston seeking production of the Allred letter, among other books and records relating to Hurd's relationship with Fisher. Espinoza claimed that he needed the documents in order to investigate corporate wrongdoing and waste arising from the relationship and Hurd's subsequent resignation. Both Hurd and Fisher advised HP that the All-

---

[*] Sitting by designation pursuant to art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2 and 4(a) to fill up the quorum as required.

1. This Court issued an opinion in a companion case, *Espinoza v. Hewlett–Packard Co.*, 32 A.3d 365 (Del.2011), on November 21, 2011.

2. Appellee HP's Appendix, B3.

3. *Ibid.*

red letter is confidential. HP responded that it intended to produce the Allred letter to Espinoza, but that it would mark the letter confidential as an accommodation to Hurd.

The parties were unable to resolve the confidentiality issue, and in November 2011, Espinoza filed this action seeking books and records from HP under 8 *Del. C.* § 220. The complaint quoted extensively from the Allred letter, and included a copy of the letter as an attachment. The Court of Chancery entered an order sealing the complaint, but required Hurd to file a motion demonstrating good cause to keep under seal any material Hurd deemed confidential. The Court of Chancery analyzed Hurd's claimed privacy rights under California law, and found that he did not establish good cause to maintain the confidentiality of the Allred letter.[4] This appeal followed.

### Discussion

 This Court reviews the trial court's decision to seal or unseal documents for abuse of discretion.[5] Court of Chancery Rule 5(g) respects the right to public access by providing that all documents filed in the court become a part of the public record.[6] "Good cause" must be established before the court will enter an order sealing specified documents.[7] The Court of Chancery has found good cause to seal documents containing trade secrets, nonpublic financial information, and third-party confidential material.[8] Information

that is only "mildly embarrassing" will not be protected from disclosure.[9]

The trial court analyzed Hurd's California law claims at length and concluded that he failed to demonstrate that disclosure of the Allred letter would invade any California privacy rights codified in the state Constitution, its statutes, or common law. We do not disagree with the trial court's analysis, but we do not need to decide questions of California law to resolve this matter.

The decision that a document filed in the Court of Chancery should be kept under seal is governed by Rule 5, as interpreted by the Delaware courts. The Allred letter does not contain any nonpublic financial information, trade secrets, or other proprietary information. The question thus becomes whether the letter contains third-party confidential information. Several factors support the trial court's conclusion that it does not. First, although it was marked "Personal and Confidential," the Allred letter was sent to Hurd in his capacity as CEO of HP, at the company's address. Second, the letter stated that Fisher's claims were against Hurd and HP. Third, the substance of Fisher's claims was widely reported in virtually every media. Finally, although the letter goes into embarrassing detail about Hurd's behavior, it does not describe any intimate conversations or conduct. In sum, we conclude that the Court of Chancery acted well within its discretion in holding that the Allred letter (as redacted) should be unsealed.

---

4. The Court ordered that several sentences concerning Hurd's family be redacted. No party appealed from that portion of the trial court's decision.

5. *Hallett v. Carnet Holding Corp.,* 809 A.2d 1159, 1162 (Del.2002).

6. Ch. Ct. R. 5(g)(1).

7. Ch. Ct. R. 5(g)(2).

8. *In re Yahoo! Inc. S'holders Litig.,* 2008 WL 2268354 (Del.Ch.); *Romero v. Dowdell,* 2006 WL 1229090 (Del.Ch.); *Khanna v. McMinn,* 2006 WL 1388744 (Del.Ch.).

9. *Khanna v. McMinn,* 2006 WL 1388744, at *40.

## Conclusion

Based on the foregoing, the decision of the Court of Chancery is affirmed.

