**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| SARN SD3, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No.: N17C-12-185 EMD CCLD |
| | ) | |
| CZECHOSLOVAK GROUP A.S., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: June 2, 2023
Decided: July 17, 2023

*Upon Plaintiff SARN SD3 LLC's Request for Form of Final Order/Trigger Date*
***GRANTED***

Mackenzie M. Wrobel, Esquire, Coleen W. Will, Esquire, Duane Morris LLP, Wilmington, Delaware, Ryan E. Borneman, Esquire, Duane Morris LLP, Philadelphia, Pennsylvania, *Attorneys for Plaintiff SARN SD3 LLC*.

Philip Trainer, Jr., Esquire and Tiffany Geyer Lydon, Esquire, Ashby & Geddes, Wilmington, Delaware, Kenneth J. Pfaehler, Esquire, Dentons US LLP, Washington, D.C., *Attorneys for Defendant Czechoslovak Group A.S.*


**DAVIS, J.**

## I.      INTRODUCTION

This is a civil action assigned to the Complex Commercial Litigation Division of the Court. This action involves breach of contract claims brought by Plaintiff SARN SD3 LLC ("SD3")[1] against Defendant Czechoslovak Group A.S. ("CSG"). SD3 alleges that CSG breached the parties' Call Option Agreement (the "Agreement"). On December 23, 2020, the Court issued its decision (the "Decision")[2] on SD3's Motion for Partial Summary Judgment[3] on Count I of the

---

[1] Capitalized terms not defined here shall have the meanings ascribed to them in the Decision.
[2] *SARN SD3 LLC v. Czechoslovak Group A.S.*, 2020 WL 12719975 (Del. Super. Dec. 23, 2020).
[3] D.I. No. 183.

Amended Complaint—Breach of Contract Concerning the Penalty Amount (the "SJ Motion"). The Court granted most of the relief sought in the Motion but deferred ruling on a "good faith and fair dealing" dispute raised by CSG as to the PwC Report (as defined in the Decision). On November 15, 2021, the Court found that the evidentiary record demonstrates that the PwC Report does not constitute a breach of good faith and fair dealing (the "Supplemental Decision").[4]

Thereafter, on December 15, 2021, SD3 moved for entry of partial judgment on Count I under Civil Rule 54(b) (the "Rule 54 Motion").[5] CSG opposed the Rule 54 Motion, contending that such relief was extraordinary and might lead to piecemeal appeals.[6] The Court held a hearing on the Rule 54 Motion on January 31, 2022.[7] At the end of the hearing, the Court denied the Rule 54 Motion.[8]

The parties settled Count II of the Amended Complaint and the counterclaims were dismissed on August 3, 2022.[9] On May 23, 2023 SD3 submitted a proposed form of final judgment and order.[10] CSG filed a response objecting SD3's proposed interest calculations and interest rate.[11] SD3 then submitted a revised version of their proposed final judgment and order.[12] SD3 revised the portions regarding the pre-judgment interest calculation and amount.[13] Despite some common ground, SD3 continues to disagree with CSG over when post-judgment

---

[4] *SARN SD3 LLC v. Czechoslovak Group A.S.*, 2021 WL 5710897 (Del. Super. Nov. 15, 2021).
[5] D.I. No. 268.
[6] D.I. No. 273.
[7] D.I. No. 280.
[8] D.I. No. 281; D.I. No. 351 at 14-17.
[9] D.I. No. 323 (Stipulation of Partial Dismissal); D.I. No. 322 (Partial Settlement).
[10] D.I. No. 342 (Letter from Coleen W. Hill, Esq. to the Honorable Eric M. Davis (May 23, 2023)(hereinafter "SD3's First Letter").
[11] D.I. No. 344 (Letter from Phillip Trainer, Jr., Esq. to the Honorable Eric M. Davis (May 25, 2023)(hereinafter "CSG's First Response").
[12] D.I. No. 352 (Letter from Coleen W. Hill to the Honorable Eric M. Davis (June 1, 2023)(hereinafter "SD3's Second Letter").
[13] *Id.* at 2.

interest begins to accrue.[14] CSG wrote the Court and responded to SD3's proposed date for accrual of post-judgment interest.[15]

SD3 and CSG argue over when post-judgment interest starts to accrue. SD3 contends that post-judgment interest starts to accrue once the Court enters a final judgment and order, which has not yet occurred.[16] CSG contends that post-judgment interest starts to accrue when any "judgment" is given, including a partial summary judgment.[17] CSG would have the Court use November 15, 2021—the date when the Court granted partial summary judgment on Count I of the Complaint.[18] After reviewing the submissions, the Court holds that SD3 correctly states the law. Accordingly, post-judgment interest will begin to accrue on the date the Court formally enters final judgment and not November 15, 2021.

## II.     PARTIES CONTENTIONS

### A. SD3'S PROPOSED DATE: WHEN A FINAL JUDGMENT IS ENTERED

SD3 contends that the proper date for calculating post-judgment interest is May 23, 2023, or whenever the proposed form of final judgment and order is entered by the Court.[19] SD3 relies on *Noranda Aluminum Holding Corp. v. XL Ins. Am., Inc.*[20] which provides:

> [a] litigant who is subject to a judgment at law- which often comprises elements, such as costs and fees, that are not components of the underlying liability- is not responsible for post-judgment interest until judgment is entered.[21]

---

[14] *Id.*
[15] D.I. No. 353 (Letter from Philip Trainer, Jr., Esq. to the Honorable Eric M. Davis (June 2, 2023)(hereinafter "CSG's Second Response").
[16] SD3's Second Letter.
[17] CSG's First Response at 3.
[18] D.I. No. 257 (the Supplemental Decision).
[19] SD3's First Letter at 2; Proposed Form of Final Judgment and Order (hereinafter "SD3's First Form") at 5.
[20] 269 A.3d 974 (Del. 2021).
[21] *Id.* at 982.

SD3 maintains that judgment is entered when the Court takes its "'final act' in the case."[22] SD3 also cites the Court to *Tyson Foods, Inc. v. Aetos Corp.*[23] which says:

> [a] final judgment is generally defined as one that determines the merits of the controversy or defines the rights of the parties and leaves nothing for future determination or consideration. [It] determines all the claims as to all the parties.[24]

SD3 claims that the holding on November 15, 2021, cannot be considered a final judgment because not all claims were decided, and it was not the Court's final act in the case.[25] SD3 notes that other claims continued to be litigated and an amended case management order was filed afterwards.[26] SD3 notes that the Court denied entry of a final judgment, which is needed for post-judgment interest to begin, when SD3 sought relief in the Rule 54 Motion.[27] SD3 characterizes the November 15, 2021 decision as "a non-appealable, interlocutory liability determination" and not as a final judgment.[28] SD3 claims that determining when to calculate post-judgment interest can only occur once there is a final judgment and order.[29]

## B. CSG'S PROPOSED DATE: NOVEMBER 15, 2021

CSG contends that the proper date for calculating post-judgment interest is November 15, 2021.[30] In support, CSG relies on language from *Wilmington Country Club v. Cowee* that states "[i]nterest on a judgment begins to accrue when the judgment is entered as final and determinative of a party's rights."[31] CSG argues that the Supplemental Decision constituted a

---

[22] SD3's Second Letter at 3 (citing *Acierno v. Hayward*, 859 A.2d 617, 619 (Del. 2004)).
[23] 809 A.2d 575 (Del 2002).
[24] *Id.* at 579.
[25] SD3's Second Letter at 3.
[26] *Id.*
[27] *Id.* at 4.
[28] *Id.*
[29] *Id.*
[30] CSG's First Response at 3.
[31] *Wilmington Country Club v. Cowee*, 747 A.2d 1087, 1097-98 (Del. 2000)).

final judgment because that was when the Court held CSG liable on Count I and there were no other issues for the Court regarding liability.[32]

CSG maintains that the Court's denial of the Rule 54 Motion is irrelevant here because the Supplemental Decision was binding and thus final.[33] CSG cites to *Moffitt v. Carroll*,[34] which provides that "[t]he unmodified portion of the judgment of the Superior Court…had an inchoate "binding effect.""[35]

## III. DISCUSSION

Section 2301, Title 6 of the Delaware Code ("Section 2301(a)") controls here.[36] Section 2301(a), in relevant part, provides:

> Except as otherwise provided in this Code, any judgment entered on an agreement governed by this subsection, whether the contract rate is expressed or not, shall, from the date of the judgment, bear post-judgment interest of 5% over the Federal Reserve discount rate including any surcharge thereon or the contract rate, whichever is *less*.[37]

The parties contest that part of Section 2301(a) which provides that interest runs "from the date of the judgment."[38] As set forth below, the Court finds that "judgment" means a final judgment as entered by the Court and not an interim decision affixing liability. Here, the Court finds that final judgment has yet been entered on Count I.

SD3 claims that "judgment" in Section 2301(a) means that date when the Court formally enters a *final* judgment by way of order or alike.[39] The Supreme Court, in *Noranda*, stated that post-judgment interest starts "on the date judgment was entered" and not when liability arose.[40]

---

[32] CSG's First Response at 4.
[33] CSG's Second Response at 2.
[34] 640 A.2d 164 (Del. 1994).
[35] *Id*. at 178. See also CSG's First Response at 5; CSG's Second Response at 2.
[36] 6 Del C. Section 2301 (a).
[37] *Id*. (emphasis added).
[38] *Id*.
[39] SD3's Second Letter.
[40] *Noranda*, 269 A.3d at 975-82.

In addition, the Supreme Court provided, in *Tyson Foods*, that a final judgment is the "final act," "last act disposing of all justiciable matters within its jurisdiction,"[41] and an act which cannot leave "the docket open for further proceedings."[42]

CSG relies on authority that does not support the contention that post-judgment interest accrues after entry of partial summary judgment. *Wilmington Country Club* presents a distinguishable factual pattern that involves two verdicts. The Supreme Court held there that the post-judgment interest backdated to the final judgment and not to the second erroneous jury verdict.[43] In *Moffitt*, the Supreme Court held that the post-judgment interest backdated to the final judgment and not to the amended judgment.[44] Both *Wilmington Country Club* and *Moffitt* involve situations where a jury rendered a verdict, the trial court entered judgment and then took some action with respect to that verdict (*e.g.*, new trial or remittitur). Here, however, the Court has not entered final judgment—an act that is required for post-judgment relief to start accruing.

SD3 is correct in their assertion that "judgment" means an appealable "final judgment." The Court has reviewed the Decision and Supplemental Decision and notes that it did not enter "final judgment." Instead, the Court granted partial summary judgment on Count I while Count II remained for further disposition.

This conclusion is supported by the action taken on the Rule 54 Motion. The Court could have granted the Rule 54 Motion and entered judgment on Count I. Then, the parties would have had a final appealable judgment and post-judgment interest would have started to accrue. SD3 filed the Rule 54 Motion.[45] CSG opposed it, arguing, in part, against "piecemeal" appeals.[46] In

[41] *Tyson Foods,* 809 A.3d at 579.
[42] *Id.* at 580.
[43] *Wilmington Country Club,* 747 A.2d at 1097-98.
[44] *Moffitt,* 640 A.2d at 177-78.
[45] D.I. No. 268.
[46] D.I. No. 273 at 1.

fact, CSG claimed that Civil Rule 54(b) did not contemplate entry of a "final judgment" absent a showing of hardship or injustice through delay which would be alleviated by immediate appeal. CSG went on to assert:

> The simple fact that the Court has determined that [SD3] is entitled to a contractual payment does not demonstrate a compelling need to enter judgment now. The legislature has determined that the statutory interest rate protects plaintiffs from harm in waiting. [citations omitted] *Thus a [Civil] Rule 54(b) partial final judgment should not be issued.*[47]

The Court sided with CSG and did not enter a final judgment on Count I. The Court did so because it wanted to avoid piecemeal appeals and to ensure judicial efficiency.[48]

## IV.    CONCLUSION

For the reasons stated above, the Court will enter form of Order similar to that provided by SD3 on June 1, 2023. SD3 should submit a new form of proposed Order with a judgment date of July 18, 2023.

**IT IS SO ORDERED.**

July 17, 2023
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:    File&ServeXpress

---

[47] *Id*. at 4 (emphasis added).
[48] D.I. No. 351 at 16-17.